# Wheeling.

## GEORGE T. HOADLEY *vs.* DAVID AND GEORGE ROUSH.

### January Term, 1869.

1. *Non damnificatus* is a good plea to a suit on an attachment bond where the condition is that the plaintiff in the attachment "shall pay all costs and damages which may be awarded against him, or sustained by any person by reason of his suing out said attachment." A plea of *de injuria* may also be filed.

2. A case in which a plea of *de injuria* was held to be substantially in form.

This was an action on an attachment bond by George T. Hoadley, plaintiff, against David Roush and George Roush, (the latter was surety) in the circuit court of Mason county, determined in September, 1867. The declaration contained two counts; the first averring the suing out of an attachment and its being subsequently quashed, and in consequence of the wrongful suing, the plaintiff was damaged to the value of 856 dollars and 48 cents; the second averred special damages, special injury, &c., by reason of the wrongful suing out of the attachment.

The defendants tendered four pleas. No. 1 was conditions performed, to which the plaintiff replied generally. No. 2 was *non damnificatus* and was in the following words: "And for further, plea, the said defendant, by his attorney, comes and saith that if said plaintiff has been damnified for, or by reason or means, or on account of any matter, cause or thing in the said condition of the said writing obligatory in the said declaration mentioned, the said plaintiff has been so damnified of his own wrong, and by and through his own means and default, and this he is

ready to verify. Wherefore he prays judgment, if the said plaintiff ought to have or maintain his aforesaid action thereof against him, &c;" to which the plaintiff demurred, but the demurrer was overruled. No. 3 was *de injuria*, averring that if the plaintiff was injured it was by reason of his own wrong and default, to which the plaintiff objected, but the court overruled the objection, and the plaintiff then demurred, which demurrer the court likewise overruled. The fourth plea was rejected and was not considered. The plaintiff took nothing by his bill, &c. He applied to this court for a supersedeas, alleging for error the rulings of the court before stated.

*D. Polsley* for plaintiff in error.
*G. W. Jeffers* for defendants in error.

MAXWELL, J. The first ground of error. assigned is in overruling the demurrer to plea No. 2.

Plea No. 2 is a plea of *non damnificatus.*

The condition of the bond on which the suit was founded was that, "if the said Roush shall pay all costs and damages which may be awarded against him, or sustained by any person by reason of his suing out said attachment, then the above obligation to be void, otherwise to remain in full force."

This condition is the same thing as a condition to indemnify and save harmless, and in such case the plea of *non damnificatus* is the recognized mode of defence. 1 Chitty Pl., p. 520; 3 *Ibid*, 9, 84, 5; *Cutler* vs. *Southern*, 1 Saunders' Rep., 116; *Cox* vs. *Joseph*, 5 Term Rep., 309, 310; *Hulland* vs. *Malken*, 2 Wilson, 126.

The plea is therefore good and the demurrer was very properly overruled.

The second ground of error assigned is in overruling the objection to the filing and reception of plea No. 3, and allowing the same to be filed, and third, in overruling the demurrer to plea No. 3, and for other reasons apparent upon the face of the record.

I am unable to see any reason why plea No. 3 should have been rejected. It is in substance a good plea and was properly filed. The demurrer taken to it was properly overruled. The plea is substantially in the form found in 3 Chitty Pl., p. 985.

It seems to me there is no error in the record, and that the judgment complained of will have to be affirmed, with damages and costs to the defendant in error.

The other judges concurred.

JUDGMENT AFFIRMED.