## M. WEISENFELD & CO. *vs.* M. MISPELHORN *et al.*

July Term, 1871.

The assignment of bankrupt effects relates back to the commencement of proceedings in bankruptcy; therefore, by operation of law, all attachments on *mesne* process, of the property of the debtor, made within four months next preceding the commencement of the proceedings, are dissolved.

The opinion of Maxwell, J., contains the material details of a statement of this case.

*C. J. Faulkner* for appellants.

*Stanton & Allison* for appellees.

MAXWELL, J.   Weisenfeld & Co. brought an action of assumpsit in the circuit court of Berkeley county against F. Mispelhorn, and during the pendency of the suit sued out an attachment against the estate of the said Mispelhorn, which was served upon one G. W. Mispelhorn, a person designated by the plaintiffs as having goods and debts due the defendant in his hands.   Henry Weisenfeld filed his petition claiming the property in the hands of the garnishee, claimed by the plaintiffs to belong to the defendant as his property, and moved to dissolve the attachment because it was sued out within four months next preceding the commencement of proceedings in bankruptcy by the defendant, under the act of Congress of the United States, entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867.   The attachment was sued out on the 29th day of December, 1868, and it appears from a bill of exceptions in the record that the defendant filed his

petition in bankruptcy on the 28th day of December, 1868, and that on the 3d day of February, 1869, an assignee was appointed, who accepted the appointment, and that on the same day an assignment of bankrupt's effects was made to him. Upon this state of the case, the court quashed the attachment, and the appellants say this is error. The bankrupt act provides that the assignment of the bankrupt's effects to an assignee shall relate back to the commencement of proceedings in bankruptcy, *and therefore, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee,* although the same is then attached on *mesne* process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings.

The attachment was dissolved by the act of Congress, and the court could do nothing but dismiss it. It is claimed that there is error in entering judgment against the plaintiff for the costs of the attachment and charges and expenses paid and to be paid by Weisenfeld. There is some confusion about the order, but the fair construction of it is that it only amounts to a judgment for the court costs expended by Weisenfeld, and not any other charges or expenses he may have paid; and if the clerk should include in any execution he might enter upon it, anything more than the court costs expended by Weisenfeld, it would be quashed by the circuit court.

There is no error apparent in the record for which the judgment complained of ought to be reversed, and it will have to be affirmed with damages and costs.

The other judges concurred.

JUDGMENT AFFIRMED.