# Wheeling.

SAMUEL C. LUDINGTON *et. al., vs.* JOHN A. J. HULL

January Term, 1870.

Parties who claim to be subsequent attaching creditors cannot come into Court and dispute the validity of a prior attachment on mere motion. They must file their petition in accordance with Sec. 25, Chap. 151, Code of Va. The same provision is found in Sec. 24, Chap. 106, Code of West Va., 1869.

Motion in the circuit court of Greenbrier county by Ludington and others, who are stated in the record to be subsequent attaching creditors. The ground for quashing the the attachment of the defendant in error, in the court below, was alleged insufficiency of the affidavit and attachment. The motion was overruled at the November term, 1868, and the defendants excepted and brought the case here.

The case in this court was determined upon another point, viz: The right of the plaintiffs in error on a *mere motion* to appear and contest a prior attachment, they claiming to be attaching creditors.

The case is substantially stated in Judge Maxwell's opinion.

Hon. N. Harrison, Judge of the circuit court of Greenbrier, presided on the trial of the case.

*Snyder* and *Hereford* for the plaintiffs in error.
*Lee* and *Harris* for the defendant in error.

MAXWELL, J. The plaintiff moved the court below to quash an attachment pending in the circuit court of Green-

brier county, in the name of the defendant Hull against the estate of William D. Scott, but the court overruled the motion, and the correctness of the judgment of the court overruling said motion is now to be reviewed here.

The motion to dismiss was made because it was claimed that the affidavit on which the attachment was founded was insufficient on its face, and that the attachment was insufficient; that Hoover, who issued the attachment, was not an officer authorized to issue an attachment, and that the officer who levied the attachment, was not an officer authorized to levy an attachment.

The grounds on which the motion was overruled are not stated. It is claimed for the defendant that the motion was properly overruled, "if for no other cause, for the reason that the parties making the motion, who claimed to be attaching creditors, were not properly in court, so as to be entitled to be heard to make the motion, because they had not filed their petition and given security for costs, according to Sec. 25 of ch. 151, of Code of Va., p. 651."

The mode of disputing the regularity and validity of attachments, and of determining rights under conflicting attachments has undergone, from time to time, radical changes.

The 12th § of ch. 123, 1 Rev. Code, 478, provides that in all cases of attachments the defendant shall be admitted to make defence, and any other person claiming the property attached, may interplead without giving bail.

It was under this section that the case of *McCluney* v. *Jackson*, 6 Grat., 96, was decided.

In that case McCluney & Co. obtained an attachment against one Howard, and at the term of court at which it was for trial, Jackson, a subsequent attaching creditor, appeared and claimed the right to be heard to defeat, if he could, the attachment of McCluney, but the court refused to allow him to appear, and he excepted.

There was in the record a copy of the record of Jackson's attachment suit against Howard, in which he recovered a

judgment, and from which it appears that his attachment was levied on the property on which the attachment of McCluney was levied. It was decided that the court below erred in refusing to allow Jackson to appear and defend the attachment. After the decision of the case of *McCluney* v. *Jackson*, the section referred to in the First Rev. Code was changed, and section twenty-five of ch. 151, Code of Va., 651, took its place. This section provides that any person may file his petition at any time before the property attached as the estate of the defendant is sold, or the proceeds of sale paid to the plaintiff, under the decree or judgment, disputing the validity of the plaintiff's attachment thereon, or stating a claim thereto, or an interest in or lien on the same under any other attachment or otherwise, and its nature, and upon giving security for costs, &c.

This section provides the only means by which a person claiming an attachment lien, on property attached, can come into court to dispute the validity of a prior attachment. It must be by petition stating the nature of the claim to a lien on the property attached, and security for costs must be given.

When the plaintiffs in error appeared and moved to quash the attachment, they neither filed a petition nor gave sucurity for costs. They did not by their petition, or in any other manner, show any attachment levied on the property on which the attachment of the defendant in error was levied.

If, in case of *Jackson* v. *McCluney*, it was necessary for Jackson to show an attachment on a just claim or debt, levied on the same property that the attachment of McCluney was levied on, before he could be let in to defend under the law as it then was, it would be, at least, necessary, if the law had remained unchanged, that the plaintiffs in error should have shown attachments founded on just debts levied on the same property that the attachment of the defendant in error was levied upon, before they be allowed to make the motion which they did make.

The motion was therefore properly overruled.

In the view I take of the case, the points made by the plaintiffs in error do not properly arise on the record.

The 21st and 22d sections of the same chapter of the Code of Va., in force when this proceeding was had, prescribed the mode in which defendants in attachments and certain other persons, different from those provided for in the 25th section, may make defence.

The 18th and 19th sections, chapter 106 of the unpublished Code of this State, take the place of the said 21st and 22d sections, and section 24 of the same chapter takes the place of the said 25th section of the chapter 151, Code of Va.

The judgment complained of will have to be affirmed, with damages and costs.

Berkshire, J., concurred with Maxwell, J.

Brown, Prest., dissented.

JUDGMENT AFFIRMED.