# WHEELING.

## TAPPAN *v.* PEASE.

### July 15, 1874.

1874.
June Term.

To entitle a person, who claims to have a mortgage lien on land attached by a creditor, in a suit in equity in which an attachment is sued out against a non-resident debtor, under the twenty-fourth section of chapter one hundred and six of the Code of West Virginia, to dispute the validity of the attachment, such person must appear in the court in which the proceeding is had and file his petition and give security for costs; and so as to contesting the priority of the attaching creditor's lien over the mortgage lien.*

Appeal, operating as a supersedeas, granted by the Hon. Ralph L. Berkshire one of the judges of the late Supreme Court of Appeals of this State, upon the petition of Claudius B. Pease, from an order and decree of the circuit court of Kanawha county, made and entered on the 2d day of April, 1872, in a suit therein pending, wherein Eli T. Tappan, was complainant and Giles Pease, respondent.

The interest of the petitioner in this suit, together with such of the material facts necessary to understand the

---

* Section twenty-four of chapter one hundred and six of the Code of this State, referred to in the opinion of the Court, is as follows:

Any person interested may file his petition, at any time before the property attached as the estate of a defendant is sold under the decree or judgment, or if the proceeds of the sale have not been paid over to the plaintiff, or his assigns, within one year after such sale, disputing the validity of the plaintiff's attachment thereon, or stating a claim thereto, or an interest in or lien on the same, under any other attachment ortherwise, and in its nature, and upon giving security for costs, the court, without any other pleading, shall impanel a jury to inquire into such claim, and if it be found that the petitioner has title to, or lien on, or any interest in, such property or its proceeds, the court shall make such order as is necessary to protect his rights; the costs of which inquiry shall be paid by either party at the direction of the court.

decision of this Court, will be found stated in the opinion of Haymond, President.

The Hon. Charles W. Smith, judge of the circuit court of Cabell county, presided at the hearing below.

*Smith & Knight*, for the appellant.

*Abram Burlew*, for the appellee.

HAYMOND, PRESIDENT:

The plaintiff commenced this suit, on the chancery side of the circuit court of Kanawha county, on the 26th day of July, 1870, and on the same day the clerk of the court, upon affidavit being filed, issued orders of attachment against the estate of the defendant, Giles Pease. On the 26th day of July, 1870, the order of attachment directed to the sheriff of Kanawha county was levied on four hundred and seventy acres of land, of said Giles Pease, situated partly in the county of Kanawha and partly in the county of Clay, as stated in the sheriff's return. The bill is filed to set up a lost bond made by Giles Pease to the plaintiff, for $900; and to collect the same out of the estate of Giles Pease, in this State, he being proceeded against in the cause as a non-resident by order of attachment sued out in the cause, when the summons was issued.

It appears that the plaintiff was the owner of an undivided third of the four hundred and seventy acre tract of land on which the order of attachment was levied, and sold his interest in the land to Giles Pease for $900—for which a bond was given by Giles Pease, to plaintiff, which was payable in the future, and upon the happening of some events not necessary now to mention.

Plaintiff had his *lis pendens* docketed in the Recorder's office of Kanawha county on the 26th of July, 1870. Order of publication was made and executed in the cause as to Giles Pease and on the 24th day of November, 1871.

Giles Pease appeared to the cause, and filed his answer therein. This answer goes principally to the merits

of the cause, and the sufficiency of the affidavit filed on which the order of attachment issued is in no wise questioned by the answer, or by Giles Pease, in any other manner.

A general replication was filed by the plaintiff to the answer.

On the 30th of March, 1872, Claudius B. Pease appeared in court and asked leave to file a petition in the cause in which he claimed a lien on the four hundred and seventy acres of land on which the order of attachment had been levied, by reason of a mortgage alleged to have been executed by Giles Pease to the petitioner, on the 20th day of March, 1871, to secure the payment of $4,443, evidenced by the promissory note of said Giles Pease, of even date with the mortgage, payable to petitioner, one year after date bearing, eight per cent. interest. A copy of the mortgage is alleged to be filed with the petition. In the petition it is alleged that the attachment is invalid, null and void, because sued out upon an illegal and insufficient affidavit, and because the land lies wholly within the county of Clay, and the circuit court of Kanawha county has no jurisdiction of said suit. The plaintiff objected to the filing of the petition, but the court overruled the objection and permitted the petition to be filed.

The alleged mortgage which is filed appears to have been acknowledged by Giles Pease in the state of Massachusetts, the 31st day of March, 1871, but does not seem to have been admitted to record in the county of Kanawha or the county of Clay or in fact in any county within this State.

On the 2d day of April, 1872, the cause was heard upon said petition by the court, neither party requiring a jury, and the court decided that the petitioner had a mortgage lien upon the lands of Giles Pease, on which the plaintiff's attachment had been levied, for the sum of $4,443, as of the 20th of March, 1871, with interest, &c.

And thereupon the petitioner moved the court to quash plaintiffs attachment issued and levied in the cause, without assigning any reasons, so far as the record discloses, and the court overruled the motion. The court also determined that the attachment is a prior and superior lien upon the lands of Giles Pease on which it was levied, to the mortgage aforesaid, and that the plaintiff was entitled to be satisfied out of the proceeds that may arise from the sale of the land.

On the same day the cause came on to be heard upon the bill and exhibits filed therewith, the answer of Giles Pease, the replication thereto and upon the petition of Claudius B. Pease and the replication thereto, and upon certain affidavits therein named, and upon the sheriff's return upon the attachment issued on the 26th day of July, 1870, and directed to the sheriff of Kanawha, and upon the depositions taken by complainant and filed in the cause, and upon plaintiff's affidavit, and upon the *lis pendens* duly recorded in the county of Clay, on the 3d of August, 1870, and in the county of Kanawha on the 26th day of July, 1870, and the court determined and ascertained plaintiff's debt against Giles Pease to be $1,273.50, with interest from the first day of April, 1872, until paid, and rendered a personal decree against said Giles Pease for said sum, with interest as aforesaid, and the costs of suit, and decreed that unless the same were paid within twenty days from the rising of the court, that the four hundred and seventy acres of land be sold, &c., and appointed a special commissioner for the purpose, &c.

From said orders and decrees made on the said 2nd day of April, 1872, the said petitioner Claudius B. Pease has obtained an appeal and *supersedeas*. Claudius B. Pease, in his petition for an appeal and *supersedeas* assigned four causes of error in the said decrees of the circuit court, the third and fourth of which his counsel, in his written argument, filed with this Court, at the hearing thereof, abandoned, so far as they apply to the merits

of the cause, as stated in said argument, by consent. And the counsel for the appellant, (Claudius B. Pease,) relies before this Court on the *first* and *second* errors assigned in his said petition for an appeal and *supersedeas*. No other errors in the said decrees have been assigned or alleged before this Court, by the appellants, than the said first and second assigned in his said petition for an appeal &c., since the abandonment of the said third and fourth.

The *first* error assigned is that the court erred in overruling the appellant's (Claudius B. Pease,) motion to quash the attachment "because the affidavit upon which the attachment issued is defective. And, *second*, the court erred in deciding that plaintiff's attachment. was a prior and superior lien, upon the said land, to said mortgage." As the same result must be arrived at, as to each of the assignments of error, they will both be considered together. The first question to be determined is, had the appellant before or at the time of making the motion to quash, placed himself in a position to authorize him to do so, or to call in question the priority of the plaintiff's attachment lien over his alleged mortgage lien. To do this it was necessary that he should have done two things required by the twenty-fourth section of chapter one hundred and six of the Code of this State, to-wit:

*First,* filed his petition stating his claims or lien on the property attached, and

*Second,* give security for costs before the court.

It appears that he did file his petition stating his claim and lien, but it does not appear that he gave security for costs. He had no right to make the motion to quash or take or require the court to take any step in the cause before giving security for costs, after his petition was filed. The petitioner, the appellant, not having given security for costs, according to law in such case, was not entitled to move to quash said attachment, and for this reason it was not error in the circuit court, of which the

appellant can complain, to overrule said motion. See the opinion of the Court delivered by Judge Maxwell in the case of *Ludington v. Hull,* 4 W. Va., 131, 132 and 133. The opinion in that case is predicated on the provisions of the twenty-fifth section of the code of Virginia, of 1860, and the twenty-fourth section of chapter one hundred and six of the Code of this State, under which the proceedings in the case at bar were had, and the provisions of said twenty-fourth section are identical, with the provisions of said twenty-fifth section. The decision in the *Ludington case,* was rendered in 1870, and there has been no change made in the law since that time, applicable to this case. In that case Judge Maxwell says: * "This section provides the only means by which a person claiming an attachment lien, on property attached, can come into court to dispute the validity of a prior attachment. It must be by petition stating the nature of the claim to a lien on the property attached, and security for costs must be given." There is no difference in case of an attachment lien and any other lien attempted to be asserted.

The same rule and principle applies to the appellant's *second* error assigned, as to the *first,* as must be obvious. Generally, to authorize this Court to reverse a decree of the court below, it must appear affirmatively, by the record, that the court erred to the prejudice of the party complaining of the action of the court. Neither the plaintiff or defendant in this cause complain here of the action of the circuit court, in overruling said motion, or in deciding that the plaintiff had an attachment lien, first in priority, upon the land for the payment of his debts. No one makes such complaint here but the appellant. Indeed, the defendant, (Giles Pease,) raised no question as to the sufficiency of the affidavit in the circuit court. It has been suggested, however, that this Court should presume that security was given in the court below. Appellate courts sometimes, under pe-

culiar circumstances, will presume some things in support of judgments or decrees of inferior courts, when they are sought to be reversed. But it is apprehended that an appellate court, in a case where all the proceedings are of such recent date as in the case at bar, will seldom supply the record by presumptions in favor of an appellant, in order to furnish sufficient reasons to reverse a judgment or decree, which, according to the record, is right, so far as the appellant is concerned. Such cases may, perhaps, be presented; this, however, we do not now determine; but certainly, if there are such cases, this is not one. It does not appear by the record, for what reason the circuit court overruled the motion to quash, &c.; therefore, if this Court can see any sufficient reason, it is sufficient. If the affidavit be defective, the defect is not of such character as to authorize this Court to determine, in considering this appeal, under the circumstances, that it was the duty of the circuit court, *ex officio*, to quash the attachment.

For the reasons above stated, the order and decree of the circuit court of Kanawha county, rendered in this cause on the 2d day of April, 1872, must be affirmed with costs and $30 damages against the appellant.

Paull and Moore, Judges, concurred.

Hoffman, Judge, absent, by reason of sickness.

ORDER AND DECREE AFFIRMED.