# WHEELING.

## KING v. BOARD.

### July 15, 1874.

1874.
June Term.

1. In a proceeding in equity, in the nature of a foreign attachment, against a non-resident of the State, to subject his property, in the State, to the payment of a debt, under the eleventh section of chapter one hundred and fifty-one of the Code of Virginia of 1860, it is not material that the order of attachment, endorsed on the summons, by the clerk, should specify the property of the debtor mentioned in the affidavit in which the order of attachment was issued.

2. Although, in such case, the order of attachment does not recite that an affidavit has been filed or refer to any affidavit on its face, still, if it sufficiently appears by the record that a sufficient affidavit was filed by the plaintiff, with the clerk, when the order of attachment was issued, the order of attachment being otherwise sufficient, is good.*

---

*The following is section eleven of chapter one hundred and fifty-one of the Code of Virginia, ed, 1860, alluded to in the opinion of the Court:

"A claim to any debt, or to damages for breach of any contract against a person who is not a resident of this state, but who has estate or debts due him within the same, may, if such claim exceed twenty dollars, exclusive of interest, be maintained in any court of equity for a county or corporation in which there may be any such estate, or a defendant owing any debt to such non-resident, When a person has such claim, or when a person claims to be entitled in equity to any money or property from a person against whom and for which an attachment might be sued out of a clerk's office, if the claim were recoverable at law, there may be an affidavit according to the nature of the case, conforming as near as its nature will admit, to what is specified in previous sections; and such affidavit may be at the time or after the institution of the suit. Upon such affidavit, the plaintiff may require the clerk to endorse on a summons an order to the officer to whom it is directed to attach the specific property (if any be mentioned in the affidavit), and the debts due, or to become due by other defendants (if any), to the defendant against whom the claim is, and also any other estate of that defendant, whether in his own hands or in the hands of other defendants. Any attachment under this section shall be executed in the same manner, and shall have the same ef-

Appeal, by Adam Board, from a decree of the circuit court of Jackson county, rendered on the 3d day of August, 1872, in a suit in chancery, in the nature of a foreign attachment, wherein George S. M. King was complainant and said Adam Board, Absalom Board, Sarah Board, Rachel Pringle, John H. Board, Thomas Board and John H. Riley were respondents.

The material facts sufficiently appear in the opinion of the Court.

The Hon. Robert S. Brown, judge of said circuit court, presided at the decision below.

*Henry C. Flesher.* for the appellant.

*John H. Riley,* for the appellees.

HAYMOND, PRESIDENT :

This is a bill in the nature of a foreign attachment. The plaintiff commenced his proceeding against his debtor Absalom Board, and others, in the circuit court of Jackson county on the 8th day of January, 1868, upon the summons issued in the cause, and the clerk at the instance of the plaintiff endorsed thereon, substantially, the order of attachment required by the eleventh section of chapter one hundred and fifty-one the Code of 1860. The plaintiff filed his bill, regularly, against the defendants named in the summons. The sheriff levied the order of attachment upon the interest of the defendant Absalom Board, in certain real estate, situate in said county of Jackson, in the bill and proceedings mentioned. The defendants Absalom Board, Adam Board, and John H. Riley filed their answers. The defendant Adam Board in his answer sets up a claim to the real estate attached in the cause, and at the time he filed his answer he moved to quash the order of attachment, which motion was over-

fect as at law, but the proceedings therein shall be the same as in other suits in chancery. And the court, or in vacation thereof, a judge of a circuit court may interpose by injunction, or the appointment of a receiver, or otherwise, to secure the forthcoming of the specific property sued for, and so much other estate as will probably be required to satisfy any future order or decree that will be made in the cause.

ruled by the court. The debtor Absalom Board did not move to quash the order of attachment. Such proceedings were afterwards regularly had in the cause as that the court, on the 3rd day of August, 1872, decreed in favor of the plaintiff against the debtor Absalom Board for the sum of $162.22, with interest from the 6th day of April, 1872, till paid, and the costs of the suit; and also decreed that the land attached by the sheriff in the cause be sold, &c., to pay the debt and costs, and appointed a special commissioner to make the sale &c. From this decree the defendant Adam Board has appealed to this Court; and, by his counsel, assigns the following grounds of error in said decree, viz:

"*First.* That the endorsement on the summons, issued in the cause, requiring the sheriff to attach the estate of the petitioner's co-defendant Absalom Board, or to perform any other act in premises, has none of the essentials of a valid attachment, because the order of attachment does not run in the name of the State of West Virginia, and he cites the Constitution of West Virginia, of 1867, Code of 1868, p. 31. It is true the order of attachment endorsed on the back of the summons, by the clerk, does not, on its face, run in the name of the State of West Virginia, but the summons in the cause on which it is endorsed does. The question raised by this assignment of error was decided by the Supreme Court of Appeals of this State at the July term, 1871 in the cases *M. Gutman & Co., v. The Virginia Iron Company; McClellan & Knox v. Idem,* 5 W. Va., 23. In these causes Judge Moore delivered the opinion of the Court in which it is expressly held" that the order of attachment provided for in the act of 1867, chapter one hundred and eighteen, section one, is not a writ, and need not run in the name of the State." I do not think it proper to disturb this decision, at this time, by expressing dissent therefrom, as a different ruling now might be productive of great injury, and the ruling being upon a constitutional question it ought not now to be de-

parted from, for slight cause. The cases above cited were actions at law, and the proceedings by order of attachment were had under chapter one hundred and eighteen of the acts of the Legislature of 1867, page one hundred and forty-seven. This chapter is entitled "An act to amend and re-enact sections one and three of chapter one hundred and fifty-one of the Code of Virginia" and was passed 27th February, 1867. The proceedings in the present cause were had under the provisions of the eleventh section of chapter one hundred and fifty-one of the Code of Virginia of 1860 which was not repealed or affected by the said act of 1867.

"*Second.* Because the court overruled the motion of petitioner to quash said order of attachment."

"*Third.* Because the property was not specified in the said order of attachment."

"*Fourth.* Because no order of attachment was, in fact, ever issued, and the act of 1867 is cited."

"*Fifth.* Because the order endorsed on said summons does not show that the plaintiff had filed his affidavit, as required by law, and said act of 1867, is again cited."

An order of attachment, endorsed on the summons in the cause, levied by the sheriff on estate of the debtor, not specified in the order, would be as valid and binding, under the eleventh section of chapter one hundred and fifty-one of the Code of 1860, of Virginia, on the property so levied on, as if levied on the specific property of the debtor mentioned in the affidavit, upon which the order of attachment issued. This is manifest from the provisions of the section on that subject. It must follow, therefore, if the order of attachment does not direct the sheriff to attach the specific property of the debtor, mentioned in the affidavit, in a case like this, but directs the sheriff to attach the estate, both real and personal, of the debtor sufficient to satisfy the plaintiff's demand of $184.85, with interest and costs of the suit; and the order is duly levied on real estate of the debtor in the county, and due return made thereof, that such

order and levy are valid and binding   This proceeding
is had against the debtor as a non-resident of this State,
and the proceeding could only be had in a county where
the debtor has estate.   It is, therefore, proper that the
bill should show that the debtor had estate in the county
where the proceeding or suit is had.   But it is not essen-
tial to the validity of the attaching order, and the levy
thereof, that the property, mentioned in the affidavit, is
not mentioned in the order in a proceeding of the char-
acter of this.   This is not a suit in equity for the re-
covery of specific property from ne defendant, Absalom
Board, but, as before stated, it is for the recovery of a
debt, from the absent debtor, by subjecting his estate, by
order of attachment in the cause, to the payment thereof.
Where the suit is for the recovery of specific property,
it is then, perhaps, material that the specific property,
sought to be recovered, should be mentioned in both
the affidavit and order.   The attaching order in this
case was levied by the sheriff on the real property of
the absent debtor, mentioned in the affidavit, situate in
Jackson county.   Proceedings in cases of this kind,
under said eleventh section, are the same as in other suits
in chancery.

As before stated, this proceeding is not under the act
of 1867, cited by appellant's counsel, but is a proceeding
under the eleventh section of chapter one hundred and
fifty-one of the code of Virginia, of 1860, and there
was an order of attachment, endorsed by the clerk, upon
the summons.   It is true that the order of attachment
does not recite that the plaintiff has filed an affidavit,
but it is sufficiently shown by the record that an affidavit
was filed by the plaintiff, and it is certified as a part of
the record and as being the affidavit of the complainant
on which the order of attachment was issued.   And the
grounds, and only grounds, upon which the appellant
moved the court to quash the attachment, as disclosed by
the record, were :

89

*First.* That the affidavit on which the attachment is founded is insufficient.

*Second.* That the order of attachment endorsed on the summons did not run in the name of the State.

*Third.* That the property is not specified in said order.

Certainly the court, in overruling the motion to quash, heard and considered the motion on the affidavit, as well as the other proceedings involved in the determination of the motion. The affidavit was made by the plaintiff before the clerk, who issued the summons and endorsed thereon the order of attachment, and it bears the same date as the summons and order of attachment. The affidavit is full and substantially sufficient on its face, under the provisions of said eleventh section. However, it is not insisted here by the appellant's counsel, that the affidavit, appearing by the record, is insufficient. Upon the whole, the grounds of error assigned by the appellant's counsel, are not well taken.

There being no errors assigned by the appellant's counsel, except those above considered, and no others in any way brought to the attention of this Court, and the Court seeing none in the decree appealed from, the said decree of the circuit court of the county of Jackson, rendered in this cause on the 3d day of August, 1872, must be affirmed with costs and $30 damages, in favor of the appellee, George S. M. King, against the appellant, Adam Board, and the cause remanded to the circuit court of Jackson county, for the further proceedings therein to be had, according to the rules governing courts of equity in such cases.

Paull and Moore, Judges, concurred.

Absent, Hoffman, Judge, by reason of sickness.

DECREE AFFIRMED AND SUIT REMANDED.