Christian, J.,
delivered the opinion of the court.
*627 This case is before us upon a writ of error to a judgment of the circuit court of Washington county. The action was ejectment brought by the defendant in error against the plaintiff in error, for the recovery of certain lots in the town of Goodson.
The jury to which the case was submitted, at the May term 1874, found a special verdict. That verdict found that the plaintiff had title to the land in controversy until a sale made in 'the case of Johnston & Campbell v. the plaintiff Wilson. The verdict (after setting forth the fact, that the original papers in the case of Johnston & Campbell v. Wilson had been destroyed), finds certain matters of record taken from the execution books and minute books of the county court, as follows: Record of a judgment by default at March term 1861, in favor of Johnston & Campbell v. Wilson for $40, with interest from 17th April 1860 till paid; costs $8.24; fi. fa. satisfied, and money paid plaintiffs. See reports and orders of sale May.
Also an order entered upon the minute book of said county court, dated June 25th, 1861, which after reciting the judgment above referred to, and the issuance of an attachment, and the levy of the same on the lots in controversy, and the fact that the plaintiffs had executed bond with security as required by law, directs the sheriff of said county to make sales of so *much or so many of the lots of the defendants so attached as will be sufficient to satisfy the judgment and costs of plaintiffs, and that the same be sold for cash.
The special verdict further finds that the following orders were entered in said attachment suit, to wit:
‘ ‘No. 3. ’ ’ — From Minute Book, April 28, 1862.
Johnston & Campbell, pit’s
v.
On an attachment.
A. T. Wilson, defendant.
William King Heiskell, sheriff of this county, having returned, upon the order of sale issued in this cause,'that he had sold the property therein named to Thomas C. Lancaster for the sum of $615, it is ordered that the said Heiskell, sheriff of this-as aforesaid, execute, acknowledge, and deliver to the said Lancaster a deed with special warranty, conveying to him the lots in the said order of sale, and other proceedings in the cause mentioned.
No. 4. — From Minute Book, March 2, 1866.
Johnston & Campbell
v.
On debt.
A. T. Wilson.
By an order heretofore made in this case, William K. Heiskell, sheriff of the county, was directed to sell-lot in Goodson, the property of the defendant, and in obedience to said order he sold the same, ’ as will appear by his report filed, and Thomas C. Lancaster became a purchaser at the sum of $615. It is therefore ordered that James C. Campbell be and he is hereby appointed a commissioner to convey said lots to the purchaser, Lancaster, with special warranty.
*The special verdict also ^ets out in hsec verba the deed executed by James C. Campbell to Lancaster, the purchaser, in accordance with this last named order;. and concludes as follows:
“If the said proceedings and conveyance pass the title of the plaintiff to defendant, to the property in controversy, it being admitted that the property conveyed by commissioner Campbell to defendant is the property in controversy, then we find for the defendant; if they do not pass the title of plaintiff to defendant, then we find for the plaintiff the premises in question; and we find for the plaintiff $368.75 for mesne profits of the property from the-’day of March, 1868, to the institution of this suit,' being five years lacking one month.” ;■
Upon this special verdict the circuit court of Washington entered a judgment for the plaintiff; and to this judgment a writ of error was awarded by this court. ;
The court is of opinion that the circuit court erred in rendering a judgment for the plaintiff, and that upon this special verdict the judgment ought to have been rendered in favor of the defendant. "' '
While the papers in the attachment suit had been destroyed, the orders and judgments taken from the execution book and minute book of the county court, show, conclusively, that in the suit of Johnston & Campbell v. Wilson, an attachment .had issued, and was levied upon the lots in Controversy, and that a sale was made by the sheriff; that that sale was approved by the court; that at that sale Lancaster became the purchaser, and that a deed was directed to be executed and delivered to him by a special commissioner of the *court, conveying to him the lots thus levied upon and sold by the sheriff.
Now it is conceded that the county courts of the commonwealth, at the time this suit was brought, were invested by law with general jurisdiction in cases of attachment. Fvery presumption must be made in favor of the correctness of the proceedings' set forth in that verdict; and in the absence of any thing in the record to show the contrary, the court will presume that proper process in a proper case was issued and served upon the defendant, and that he was properly before the court when these several orders were entered in the said attachment suit. We must treat the case then, as one.in which the court had jurisdiction of the subject matter, and of the parties. Thus treating it, the question is, can the plaintiff in an action of ejectment oust the defendant of his possession, and defeat his title acquired as a purchaser from the sheriff at the sale made under the proceedings in the attachment suit? It is conceded in this case that Lancaster is a bona fide purchaser, who paid a full and fair price for the land in controversy. Fraud and collusion between *628 him and the sheriff, or between him and ■ the plaintiffs in the attachment suit, is neither proved nor even charged. But it is insisted that there were certain irregularities in the attachment suit which makes the sale void; and therefore no title was conferred.upon the purchasers. In my view of the case it is not necessary to enquire whether such irregularities existed. JSTo matter how irregular or how erroneous may have been the proceedings in that suit, they cannot be enquired into in this. That would be to assail collaterally the judgment of a court of record which had jurisdiction of the parties and the subject matter. This can never be done. But the judgment of such a *court until reversed, upon writ of error to an appellate court, must be accepted always and everywhere, as a final adjudication of the questions between the parties to the suit. This is the settled doctrine of the courts. It is not merely an arbitrary rule of law, established by the courts, but it is a doctrine founded ripon reason and the soundest principles of public policy. It is one which has been . adopted in the interest of the peace of society, and the permanent security of titles. If after the rendition of a judgment by a court of competent jurisdiction, and -after thév period has elapsed when it becomes irreversible for error, another court may in another suit enquire into the irregularities or errors in such judgment, there would be no end to litigation, and no fixed established rights. A judgment though unreversed and irreversible, w,ould no longer be a final adjudication of the rights of litigants, but the starting point from which a new litiga- . tioh would spring up; acts of limitation . wjqiild become useless and nugatory; pur-.ichásers on the faith of judicial process 'would find no protection; every right estab- ' lished by a judgment would be insecure and únpertain, and a cloud would rest upon every title. As was well said by Mr. Justice Baldwin in the case of Vorhees v. The Bank of the United States, 10 Peters R. 449, 474: “If the principle once prevails that any proceeding of a court of competent jurisdiction can be declared to be a nullity by any court, after a writ of error or appeal is, barred by limitation, then every county court and justice of the peace in the union may exercise the same right. If after its rendition, the judgment is declared void for any matter which can be assigned for error only on a writ of error or appeal, then such .court not only usurps the jurisdiction of an appellate court, but collaterally nullifies *what such court is prohibited by express statute law from ever reversing.” * * * “The errors of a court do not impair their validity. Binding until reversed, any objection to their full effect must go to the authority under which they have been conducted!”
These principles have been repeatedly declared by the decisions of the supreme court of the United States, as well as the decisions of this court, and cannot now be questioned. See Elliott v. Peirsol, 1 Peters R. 328, 340; 2 Peters 169; 6 Peters 729; Harvey v. Tyler, 2 Wall. U. S. R. 328, 339 ; Slater v. Maxwell, 6 Wall. U. S. R. 268; Cooper v. Reynolds, 10 Wall. U. S. R. 308; Cox & als. v. Thomas’ adm’x, 9 Gratt. 323; Ballard v. Thomas and Ammon, 19 Gratt. 14; Cline’s heirs v. Catron, 22 Gratt. 378.
Recognizing the doctrine firmly settled by these decisions, neither this court nor the court below can enquire whether the proceedings in the attachment suit were in accordance with law. It is needless, therefore, even to note the irregularities and errors pointed out by the learned counsel for the appellees in the record in the attachment suit. There is one, however, much relied upon, I will notice. It is said the sheriff acted without authority in making the sale of both lots, when the order of the court directed him to sell only so much as might be necessary to pay the judgment and costs; and that this want of authority in the sheriff affected the purchaser, because he was bound to see that the sale was made in accordance with the order of the court. The obvious answer to this view is, that the sale was reported to the court and confirmed, and thereby the sale became an act of the court. The remedy was, to correct the error by motion in that court, or by writ of error in an appellate court. It is not the case of an unauthorized ^act of the sheriff, or other officer, selling property not directed to be sold by the court. In such case the sale would be a nullity, and such sale would not be a proceeding of the court. But when the sale is reported and confirmed, it then becomes an act of the court, and cannot be enquired into collaterally in another suit. ■ Conceding, therefore, that the irregularities were many and the errors gross, they could only be remedied by motion in that suit, or by writ of error to the judgment. In the action of ejectment the door was closed to all enquiry except whether the court in the attachment suit had jurisdiction of the subject matter, or whether the purchaser was a fraudulent purchaser.
Want of jurisdiction, or fraud in the purchaser, may be shown in any case, and, when established, will always vacate the sale and annul the deed made under it; but nothing else will, when relied upon in another suit whichjbrings in to question collaterally the judgment of a court of competent jurisdiction.
The judgment of the circuit court of Washington cannot be sustained without a violation of principles which ought to remain inviolable. I am therefore of opinion that the judgment should be reversed and a judgment entered for the defendant.
Judgment reversed.
ATTACHMENT.
I. Nature, Object and Construction.
II. Attachment in Actions at Law.
A. Foreign Corporations and Nonresident Debtors.
B. Absent, Removing or Concealed Debtors.
C. Fraudulent Conversion or Transfer of Property.
*629 III. Attachment in Equity.
A. In General.
B. Jurisdiction.
C. Removal of Property.
IV. Attachment "before Action Brought.
A. In General.
B. Removal of Property.
C. Attachment for Rent.
1. For What Rent Attachment Will Issue.
2. Will Not Issue "before Commencement of Term.
3. When Preferred to Distress.
4. Attachment without Bail-Interpleader.
5. Affidavit of Landlord.
6. Removal of Goods in Course of Trade.
7. Deed of Trust on Property on Leased Premises.
V. Attachment for Contempt.
A. Object.
B. When Attachment for Contempt Will Lie.
C. How Executed.
VI. Property Subject to Attachment.
A. Real Property.
B. Personal Property.
VII. Affidavit.
A. Necessity.
B. Time of Making.
C. Who May Make.
D. Formal Requisites.
E. Jurat or Certificate of Officer.
P. Averments.
1. Ownership.
2. Knowledge or Relief.
3. Nature of Claim.
4. Indebtedness.
a. Justice of Demand.
b. Amount of Debt.
c. Maturity of Debt.
5. Nonresidence.
6. Sufficiency.
a. Following Language of Statute.
b. Stating Specific Facts.
c. Stating Good and Bad Grounds.
G. Supplemental Affidavit.
II. Effect of Defective Affidavit.
VIII. Bond.
A. Necessity.
B. By Whom Given.
C. Amount.
D. Amendment.
E. Action on.
1. Necessary Averments.
2. Parties.
3. Plea.
4. Liability of Sureties.
5. Damages.
IX. Writ or Warrant.
A. Requisites.
B. To What Officer Directed.
C. Names of Parties — Recital of Cause of Action.
D. Recital of Proceedings.
E. Variance.
X. Levy.
A. Upon Real Property.
B. Upon Personal Property.
XL Lien.
A.When Lien Commences.
B. Extent of Lien.
C. How Lien on Wife’s Interest as Legatee Defeated.
D. Priorities.
1. Between Attachments.
2. Between Attachments and Other Liens.
a. Verbal Lien on Land.
b. Execution Lien.
c. Lien on Property Pledged.
d. Lien on Partnership Effects.
e. Pendency of Suit.
3. Between Attachments and Alienations.
a. Deed of Trust.
b. Sale of Shares of Stock.
c. Sale of Negotiable Note.
d. Assignment of Legacy.
4. As Effected by the Recording Acts.
XII. Disposition of Attached Property.
A. Sale.
B. Delivery on Forthcoming or Delivery Bond.
XIII. Proceedings to Support or Enforce Attachment.
A. In General.
B. Process and Service.
1. Necessity.
2. Sufficiency.
C. Order of Publication.
D. Appearance.
E. Sufficiency of Pleading.
F. Judgment.
1. In General.
2. In Personam or in Rem,.
3. Validity.
G. Right to Rehear.
XIV. Return.
A. Time for Making.
B. Requisites.
O. Description of Land.
XV. Claims by Third Persons.
A. Right to Question Validity of Attachment.
B. Right of Subsequent Attaching Creditors.
C. Proceedings to Determine Claims to Property.
XVI. Dissolution.
A. What Will Effect Dissolution.
1. Bankruptcy.
2. Death of Defendant No Dissolution.
3. Failure to Require Security.
4. Lien of Prior Attaching Creditor.
B. Procedure for.
1. Motion to Quash.
a. In General — Right to Quash.
b. Who May Make Motion to Quash.
c. Waiver of Right to Move to Quash.
d. Effect of Decision Denying Motion.
e. Province of Court and Jury.
f. Evidence — Burden of Proof.
2. Plea in Abatement.
a. In General.
b. How Plea Should Conclude.
3. Voluntary Dismissal of Attachment.
4. Effect of Dismissal.
XVII. Action for Wrongful Attachment.
A. Grounds of Action.
B. Form of Action.
C. Persons Liable.
D. Evidence.
I. NATURE, OBJECT AND CONSTRUCTION.
Attachment is an extraordinary remedy, whereby *630 the property of the party complained of is summarily seized; upon an «aparte complaint. 4 Min. Inst. (3rd Ed.) pt. 1, 404.
“This summary remedy,” says Mr. Daniel in the preface of his works on attachments, “may he fitly termed the light cavalry of the law. To seize swiftly upon, the effects of a nonresident or flying adversary and to hold him and them amenable to the issue of the proceeding are its chief functions in Virginia.”
“An order of attachment is an execution by anticipation. It empowers the officer to seize and hold the estate of the alleged debtor for the satisfaction of a claim or demand to be established in the future and for which a judgment may never be obtained. The claim may be entirely unfounded, and even, when the demand is just the order may issue and be levied before it has become due and payable. The proceeding is to some extent the reverse of the ordinary course of judicial proceedings. The latter subjects the demand of the plaintiff to judicial investigation and permits the seizure of the debtor's property only after judgment obtained, while the former commences with the seizure of the debtor’s property and afterwards subjects the plaintiff’s claim to such investigation.” Snyder, J., in Delaplain v. Armstrong, 21 W. Va. 211. See also, Bart. Law Pr. (2d Ed.) 900.
Object. — “The prime object in levying the attachment," says the court, in Dorrier v. Masters, 83 Va. 459, 2 S. E. Rep. 927, “is to obtain, pendente lite, a lien; or, in other words, to put the property in the custody of the law until by the judgment of the proper tribunal the plaintiff’s claim is established, when the lien becomes effective as of the date of the levy, but must be enforced, not by virtue of the writ of attachment, but by the judgment of the court ordering a sale of the property which the attachment has simply held in waiting.”
Construction. — The remedy by attachment is in • derogation of the common law and exists only by ' virtue of statutes, and being summary in its effects and liable to be abused and used oppressively, its application-.must be carefully guarded and confined strictly, within the limits prescribed by statute. Delaplaln v. Armstrong, 21 W. Va. 211. “This extraordinary remedy,” says Joynes, J., in Claflin v. Steenbock, 18 Gratt. 842, “is not only harsh towards the defendant himself, but its operation is harsh towards the other creditors of the defendant, over whom the attachment creditor obtains priority. It is susceptible of great abuse and has often been greatly abused. It is, therefore,' closely watched, and will never be sustained unless all the requirements of the law have been complied with.” As to the strict construction of the statute in attachment proceedings, see also, Barnett v. Darnielle, 3 Call 415; Mantz v. Hendley, 2 Hen. & M. 308; Kelso v. Blackburn, 3 Leigh 299; Brien v. Pittman, 12 Leigh 379; Barksdale v. Hendree, 2 Pat. & H. 47; Lambert v. Jones, 2 Pat. & H. 163.
While “attachment, being a summary process, and liable to abuse, ought to be carefully watched by the courts, andkept within the bounds prescribed by statute. I do not mean, that the party must be held to the very letter, and that the slightest departure from it is to be caught at, to set aside the proceeding; but that there should be, at least, strictness and certainty to what my Lord Coice calls ‘a common intent in general.' ” Carr, J., in Jones v. Anderson, 7 Leigh 308.
“It is true, the attachment proceeding is a summary.¡and .harsh remedy, and is doubtless often much abused, and while it should be strictly, it should at the same time be rationally, construed. It must be borne in mind, however, that it was the will of the legislature that made it summary and necessarily harsh, and that the rule of construction was made for the protection of the debtor defendant.” Richardson, J., in Dorrier v. Masters, 83 Va. 459, 2 S. E. Rep. 927.
II. ATTACHMENT IN ACTIONS AT LAW.
A. Foreign Corporations and Nonresident Debtors.— The Virginia and West Virginia statutes authorize attachments against foreign corporations and nonresident debtors. Va. Code 1887, § 2959, subdiv. 1, (see Acts, 1891-92, p. 520); W. Va. Code 1899, ch. 106, § 1, subdiv. 1.
Foreign Corporations. — “A foreign corporation is one created by the law of another state or country, which may transact in any other country any business warranted by its charter, and not prohibited by the local law of that country. But it cannot change its residence or citizenship.” 4 Min. Inst. (3d Ed.) 407.
In Cowardin v. Universal Life Ins. Co., 32 Gratt. 445, the court says,“Nothing is better established by all the cases and text writers on the subject of corporations, than that a corporation can have no legal existence outside of the boundaries of the sovereignty by which it was created. While it may, by its agents, transact business anywhere, unless prohibited by its charter or prevented by local laws, it can have no residence or citizenship except where it is located by or under the authority of its charter. As was said by Chief Justice Taney, 13 Peters R. 519, ‘it exists by force of the law (creating it), and where that ceases to operate, the corporation can have no existence. It must dwell in the place of its creation, and cannot migrate to another sovereignty.’ In ex parte Schollenberger, 6 Otto 377, Chief Justice Waite said, ‘A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter, but it may, by its agents, transact business anywhere, unless prohibited by its charter or excluded by local law.’ In Drake on Attachments (3d Ed.) § 80, the proposition is stated, on abundant authority, as follows; ‘The foreign character of a corporation is not to be determined by the place where its business is transacted, or (even) where the corporators reside, but by the place where its charter was granted. With reference to inhabitancy, it is considered as an inhabitant of the state in which it was incorporated.’ ” As to what constitutes a foreign corporation, see also, Rece v. Newport News, etc., Co., 32 W. Va. 164, 9 S. E. Rep. 212.
In accordance with these principles, the court held that an insurance company, incorporated under the laws of New York, even though it had complied with the statutory provisions in relation to foreign insurance companies doing business in Virginia, was not a resident, and its property was therefore subject to foreign attachment. Cowardin v. Universal Life Ins. Co., 32 Gratt. 445.
In Balt. & O. R. Co. v. Koontz, 104 U. S. 5. reversing Balt. & O. R. Co. v. Noell, 32 Gratt. 394, it was held that a Maryland corporation, by leasing a railroad in Virginia from a Virginia corporation, with the assent of that state, did not thereby make itself a corporation of Virginia, Mr. Justice waits, saying that corporations “by ; doing business away from their legal residence do not change their citizenship, butsimply extend thé field of their operations. *631 They reside at home, but do business abroad.” See also, Rece v. Newport News, etc., Co., 32 W. Va. 164, 9 S. E. Rep. 212.
In November 1864, during- the Civil War, the plaintiffs issued an attachment in a chancery suit ag-ainst the Bank of Virginia as a nonresident on notes of that bank owned by them, some of which were payable at branches of thatbankin Virginia and had not been presented at such branch banks for payment., Held, that the attachment was properly issued against the Bank of Virginia as a nonresident. Hall v. Bank of Va., 14 W. Va. 584.
Prior to the statute authorizing attachments against foreign corporations in express terms, it was held that such corporation could be proceeded against in equity as an absent debtor under 1 Rev. Code 1819, p. 474, c. 123. Kyle v. Connelly, 3 Leigh 719.
Nonresident Debtors — Who a Nonresident. — Instead of the present term “not a resident,” the Code of 1819, ch. 123, § 1, contained the expressions “absent defendants” and “parties who are out of this country.” In Kelso v. Blackburn, 3 Leigh 299, it was held that these expressions did not include residents and citizens of the state, absent temporarily for pleasure or business, but that “nonresidence” was the ground of attachment which the legislature had in view. All ambiguity, however, was removed by the provisions which the revisers of 1849 recommended, and the legislature adopted. See Rep. of Revisers, 1849, p. 756, note.
A person becomes a nonresident, subject to attachment, the moment he leaves the state without the animus r&oertandi\ and with the -fixed purpose of taking up his future residence elsewhere. Moore v. Holt, 10 Gratt. 284.
Where a person conveys away his property, abandons his residence, and commences to remove to another state with the purpose of residing there, he is a nonresident, in the sense of the attachment law, before he has actually left the state. Clark v. Ward, 12 Gratt. 440.
Where a person domiciled in Washington obtained a contract to construct certain sections of a railroad in Virginia, rented his -house in Washington, and removed with his family to a place on the route of the railroad, where he kept house, it was held that he was a resident of Virginia, within the statutes relating to foreign attachments, the court saying that in the statutes relating to attachments, “actual residence is contemplated, as distinguished from legal residence. The word is to be construed in its popular sense * * * as the act of abiding or dwelling in aplace for some continuance of time.” Long v. Ryan, 30 Gratt. 718. “See the comments on this case in the note on page 427, 32 Am. Dec., to the case of Frost v. Brisbin, 19 Wend. 11; attention being called to the fact that the case of Long v. Ryan illustrates the difference between residence and domicile, in that while Ryan was a resident, within the meaning of the attachment statute, yet ‘there could have been no pretence that Ryan was domiciled in Virginia.’ ” Bart. Law Pr. (2d Ed.) 911. See also, Dean v. Cannon, 37 W. Va. 123, 16 S. E. Rep. 444, where the definition of “residence” given in Long v. Ryan, 30 Gratt. 718, is quoted with approval.
In Didier v. Patterson, 93 Va. 534, 25 S. E. Rep. 661, 2 Va. Law Reg. 615, folloioing Long v. Ryan, 30 Gratt. 718, it was held that one who is dwelling in Virginia with no intention of leaving, being engaged in constructing public improvements under a contract that will occupy him for an indefinite period, is not anon-resident within the meaning of the attachment . laws, although his family lives out of the state.
Where a person entirely abandons his former residence in one state, with no intention of resuming it, and goes with his family to another residence, which he has rented in another state, with the intention of making the latter his residence for an indefinite time, the latter state is his domicile, not Withstanding that after he and his family arrive at the new residence, which is only about a half a mile from the state line, they go on the same day on a visit to spend the night with a neighbor in the former state, intending to return in the morning of the next day, but he is detained there by sickness until he dies, and never does in fact return to his new home. White v. Tennant, 31 W. Va. 790, 8 S. E. Rep. 596.
If a man’s family has been removed to West Virginia, and his business, means and property have been carried there, and he is engaged in business there, and dwells there, and his business engagements are such as to render his stay wholly uncertain and indefinite as to duration, he is not a nonresident of that state within the purview of the attachment law. Andrews v. Mundy, 36 W. Va. 22, 14 S. E. Rep. 414.
Residence once established is presumed to continue until proved to have been changed. The property of a fugitive from justice, who suddenly departs from the state, leaving his family, cannot be attached as that of a nonresident, since he, as wanderer and fugitive, though outside of the state, can acquire no residence which would make him a nonresident under the attachment laws. The proper remedy is to proceed against him as a removing or absconding debtor. Starke v. Scott, 78 Va. 180.
Volunteer Soldiers. — A resident of West Virginia, who enters the volunteer service of the United States, and with his regiment goes beyond the limits of the state, and remains for some time in such service, does not thereby become a nonresident of the state, within the meaning of the attachment law; and a valid attachment cannot, on that ground alone, be sued out against his property. In order that a person may become a nonresident of the state, it is necessary that he should leave the state with the intention of remaining absent therefrom. Lyon v. Vance, 46 W. Va. 781, 34 S. E. Rep. 761.
B. Absent, Removing or Concealed Debtors. — It will be noted that, in order to warrant an attachment, the Virginia Code provides that the debtor shall 'be removing or about to remove out of the state with intent to change his domicil (Va. Code 1887, § 2959, subdivision 2), while the corresponding statute of West Virginia provides for attachment where the debtor has left, or is about to leave the state, with intent to defraud his creditors, or so conceals himself that a summons cannot be served upon him. (W. Va. Code 1899, ch. 106, § 1, subdivisions 2 and 3.)
An original attachment, prior to the act of Jan. 25, 1806, ought not to have been granted to a creditor on the ground that his debtor intended to remove privately, or to abscond or conceal himself so that the ordinary process of law could not be served on him, but only on the ground that he was actually doing so. Mantz v. Hendley, 2 Hen. & M. 308.
The property of a fugitive from justice, who suddenly departs from the state, leaving his family, cannot be attached as that of a nonresident, since he, as a wanderer and fugitive, though outside of the state, can acquire no residence which would make him a nonresident under the attachment *632 laws. The proper remedy is to proceed against him as a removing or absconding debtor. Starke v. Scott, 78 Va. 180.
Where the surety to a bond has removed from the country leaving the principal within it, the obligee may proceed against him as an absent defendant and attach any effects or debts he may have in the state. But if the obligee has parted with any security in his hands by which the debt or a part of it might have been paid, the surety will be discharged vro tanto. Loop v. Summers, 3 Rand. 511.
C. Fraudulent Conversion or Transfer of Property.— See Va. Code 1387, § 2959, subdivisions 4 and 5; W. Va. Code 1899, ch. 106, subdivisions 5 and 6.
Fraudulent Intent — Burden of Proof. — It is not enough that creditors believe and allege the existence of fraudulent intent. They must prove'-its existence. Wingo, Ellett & Crump v. Purdy & Co., 87 Va. 472, 12 S. E. Rep. 970; Burruss v. Trant, 88 Va. 984, 14 S. E. Rep. 845.
The burden of proving that an attachment was issued on sufficient cause rests on the plaintiff, and he should introduce his evidence first when the defendant moves an abatement. Wright v. Rambo, 21 Gratt. 158; Sublett v. Wood, 76 Va. 318; Burruss v. Trant, 88 Va. 980, 14 S. E. Rep. 845.
Threats to Assign. — A tona fide request for an extension of time of payment and a declaration of a purpose, if necessary, to make a general assignment for the benefit of all creditors cannot be held to be evidence of an intent to dispose of property to defraud creditors, especially where such debtor shows his intention to surrender all his property if required for the purpose of paying his indebtedness. Wingo, Ellett & Crump v. Purdy & Co., 87 Va. 472, 12 S. E. Rep. 970.
Failure to Pay Proceeds to Creditors. — Just before leaving the state, the defendant, ata large discount, assigned an obligation given him for the purchase money of a steamboat and carried the proceeds away, without leaving any adequate means to satisfy the claims of the plaintiff and other creditors, having mortgaged nearly all his real estate before leaving. Meld, that these facts did not justify an attachment on the ground that he had fraudulently disposed of his property. Capehart v. Bowery, 10 W. Va. 130.
Failure to Record Deed of Trust. — The mere failure of a bank to record a deed of trust given to secure a note, in the absence of evidence of a request or desire on the part of the defendants that it should not be recorded, cannot be construed as an attempt on the part of the defendants to hinder or defraud their creditors and is noground for an attachment against them. Burruss v. Trant, 88 Va. 980, 14 S. E. Rep. 845.
III. ATTACHflENT IN EQUITY.
A.In General. — It will be observed that as Va. Code 1887, § 2964, authorizes attachments in equity whether the claim be legal or equitable, the grounds which justify attachments at law under Va. Code, § 2959, as amended by Acts 1891 — ’92, p. 520, also authorize attachments in equity. The section of the Code of West Virginia corresponding to § 2959 of the Code of Virginia expressly provides that the attachment may be either at law or in equity. W. Va. Code 1899, ch. 106, § 1.
Prior to the Code of 1887, attachment in equity lay in Virginia only where the claim was actually due and payable. Batchelder v. White, 80 Va. 103; Cirode v. Buchanan, 22 Gratt. 205; O’Brien v. Stephens, 11 Gratt. 610. But the present statute, Va. Code 1887, § 2964, declares that “when a person has a claim, legal or equitable, to any specificpersonal property, or a like claim to anj7 debt, whether such debt be payable or not, or to damages for the breach of any contract, express or implied, if such claim exceed $20, exclusive of interest, he may, on a bill in equity filed for the purpose, have an attachment to secure and enforce the claim,” etc. But “this section (2964) shall not be construed as giving to a court of equity jurisdiction to enforce by attachment a claim to a debt not payable, when the only ground for the attachment is that the defendant, or one of the defendants, against whom the claim is, is a foreign corporation, or is not a resident of this state, and has estate or debts owing to the said defendant within the county or corporation in which the suit is, or is sued with a defendant residing therein. * ’ Hence, in Wingo v. Purdy, 87 Va. 472, 12 S. E. Rep. 970, where the suit was by attachment in equity against a firm of nonresident merchants for debts which were not yet due, on the ground that the defendants were about to make an assignment to hinder, delay or defraud their creditors, it was held that proof of the fraudulent intent was essential to the jurisdiction of the court; and that, as the plaintiffs had failed to prove such fraudulent intent, the attachment should be abated, notwithstanding the fact that the debtors were nonresidents. Nor is it enough that the attaching creditor believes and alleoes the fraudulent intent; he must prove reasonable and rational grounds for his allegations and belief as the basis of his attachment proceedings. See Burruss v. Trant, 88 Va. 980, 14 S. E. Rep. 845.
It has been held that a guarantor of a debt may maintain a foreign attachment against his principal, before he has paid the debt. Moore v. Holt, 10 Gratt. 284. See also, Williamson v. Bowie, 6 Munf. 176.
Several creditors having distinct demands cannot unite in one suit in equity to attach the property of an absent debtor. Corrothers v. Sargent, 20 W. Va. 351.
Bailment. — A claim against a nonresident of Virginia arising out of a contract of bailment made out of Virginia, by which flour was deposited in a warehouse in Georgetown, D. C., and there destroyed by fire is a'claim for debt for which a foreign attachment in chancery lies. Peter v. Butler, 1 Leigh 285.
B. Jurisdiction. — The levy of the attachment, as shown by the officer’s return on the nonresident defendant’s property, is the foundation of the suit. If the property attached be not the defendant’s property, the court is without jurisdiction. Culbertson v. Stevens, 82 Va. 406.
Equity has jurisdiction over an .attachment to subject a legacy in the hands of an executor as garnishee, to the payment of the plaintiff’s debt; for the proceeding involves the settlement of accounts which could not be done at law. Whitehead v. Coleman, 31 Gratt. 784.
A creditor residing in Maryland may sue out an attachment in chancery against the debtor, residing also in Maryland, and others residing in Virginia, indebted to, or having in their hands effects of such debtor. Williamson v. Bowie, 6 Munf. 176.
A creditor at large may maintain an attachment suit in equity to set aside as fraudulent a deed conveying real estate, made by his debtor, where both the debtor and his grantee are living out of the commonwealth. Peay v. Morrison, 10 Gratt. 149.
C. Removal of Property. — The shipment of the products of an enterprise out of the state indue course of trade, where the removal is not permanent and the proceeds are brought back within the state, is *633 not sufficient ground for an attachment. Clinch River Mineral Co. v. Harrison, 91 Va. 122, 21 S. E. Rep. 660.
IV.ATTACHilENT BEFORE ACTION BROUGHT.
A. In General. — The five grounds of attachment named in section 2959 of Va. Code of 1887, require an affidavit “at the time of. or after the institution of an action at law,” and the attachments issuedhy the clerk of the “court in which the action is.” Since an action will not lie for a debt before it is due, no attachment can be maintained for such debt under this section. See Bart. Law Pr. (2d Ed.) 932. But sections 2961 and 2962 of the Va. Code of 1887, provide for attachment before the maturity of the debt claimed, and of course before the iustitution of any suit, against a debtor removing- his effects out of this state, whether the claim is payable or not, and against a tenant removing his effects from the leased premises.
B. Removalof Property. — One member of amercan-tile house, to which a debt has been contracted but which has not yet fallen due. is competent to make complaint on oath and to sue out an attachment against the debtor under the provisions of the statute. 1 Rev. Code 1819, ch. 123, § 14; Kyle v. Connelly, 3 Leigh 719.
Where the defendant has removed a portion of his property out of the state and is about to remove the remainder, and it appears from the evidence that there are numerous pending suits and judgments against him, these facts warrant an attachment under Va. Code 1873, ch. 148, § 3. Weiss v. Hobbs, 84 Va. 489, 5 S. E. Rep. 367.
C. Attachment for Rent.
i. For What Rent Attachment Will Issue. — Prior to the present provisions (Va. Code 1887, §2962) allowing attachment for rent which is yet to become due and which will be payable within one year, attachment could not issue for more than the installment of rent next due, whether that was for a month, quarter, year. etc. Redford v. Winston, 3 Rand. 148. See also, Glassell v. Thomas, 3 Leigh 113.
a. Will Not Issue before Commencement of Term.— An attachment for rent which is to become due at a future time cannot be issued before the commencement of the term for which it is to be paid; for until that time the relation of landlord and tenant does not exist. If such attachment be issued and levied, the lessee, although he has entered into a recognizance to pay the rent, may have the attachment and recognizance quashed upon motion. Johnson v. Garland, 9 Leigh 149.
3. When Preferred to Distress. — Since distress for rent will not lie where the property has been removed from the demised premises, the claim of an attaching creditor to such property should be preferred to that of a landlord who has distrained. This is true although the attaching creditor, on account of some alleged defect in the attachment bond, has entered into a compromise giving the landlord the preference, such agreement being without consideration and void. Mosby v. Leeds, 3 Call 439.
4. Attachment without Bail — Interpleader.—Section 12, ch. 123, 1 Rev. Code 1819, allowing any person to interplead in attachments without bail applies only to attachments for debt, and not for rent. Hallam v. Jones, Gilmer 142.
5. Affidavit of Landlord. — Where an attachment is issued against the estate of a tenant for rent to become due at a future day, on the oath of the landlord that he has sufficient grounds to suspect that his tenant will remove his effects out of the county or corporation before the expiration of his term, it is not competent for the tenant, on the return of the attachment, to plead that his landlord had not sufficient grounds to suspect that the tenant was about to remove. Redford v. Winston, 3 Rand. 148.
6. Removal of Goods in Course of Trade. — The statute which authorizes a landlord to sue out an attachment ag'ainst the goods of his tenant for rent not due, when the tenant intends to remove or is removing his effects from the leased premises, so that there will probably not be left on the leased premises property liable to distress sufficient to satisfy the rent when due, applies as well to removals in the regular course of business as to other removals. No exception is made in the statute. Offterdinger v. Ford, 92 Va. 636, 24 S. E. Rep. 246, 2 Va. Law Reg. 377.
7. Deed of Trust on Property on Leased Premises.— The trustee in a deed of trust given by the lessor on property after it has been carried on leased premises cannot remove the property from the leased premises without securing to the lessor one year’s rent. He can stand on no higher ground than the lessee. And the intention of the trustee to remove said property by sale or otherwise, without securing a year's rent, is of itself sufficient cause for suing out an attachment by the landlord. Offterdinger v. Ford, 92 Va. 636, 24 S. E. Rep. 246.
V.ATTACHMENT FOR CONTEMPT.
A. Object. — An attachment for contempt has no other object than to bring the party into court. When the contempt is in open court, the party being present, there is no need of any process to bring him in. Commonwealth v. Dandridge, 2 Va. Cas. 408.
B. When Attachment for Contempt Will Lie. — An attachment for contempt in disobedience of a decree of the chancery court will only lie for disobedience of what is decreed, and not for what may be decreed. Taliaferro v. Horde, 1 Rand. 242.
An attachment ought not to be awarded against a party for refusing obedience to a decree, which as yet remains general and uncertain, and the extent of which, as it relates to him, he cannot ascertain without applying to the court for a further decree. Birchett v. Bolling, 5 Munf 442.
When an injunction has been awarded by a judge of the court of appeals, the chancellor ought to restrain any disobedience to that order by attachment or other proper process. Toll Bridge v. Free Bridge, 1 Rand. 206.
An attachment to enforce a decree pronounced against a person who was out of the commonwealth cannot be awarded against him after his return, -until twelve months have elapsed from the time of service of a copy of such decree. Horton v. Horton, 4 Hen. & M. 403.
C. How Executed. — An attachment for not performing an order or decree of a court of equity should be executed by committing the party to the county jail till the court, or judge in vacation, is satisfied that such order or decree has been complied with. Lane v. Lane, 4 Hen. & M. 437. As to executing attachments to compel appearance, see Watts v. Robertson, 4 Hen. & M. 442.
VI.PROPERTY SUBJECT TO ATTACHMENT.
A. Real Property. — No sale of real estate which has been attached can be ordered until all the personal property attached has been sold. Camden v. Haymond, 9 W. Va. 680.
*634 Contingent Remainder. — A contingent remainder which is a mere possibility is not within Va. Code 1873, ch. 148, § 1, allowing an attachment against “estates or debts” in certain cases. Young v. Young, 89 Va. 675, 17 S. E. Rep. 470. See extensive note appended to this case in 23 L. R. A. 642.
Interest of Heirs. — A creditor of a deceased debtor may proceed by foreign attachment against the heirs residing abroad to subject land or its proceeds, in the state, descended to them from the debtor. Carrington v. Didier, 8 Gratt. 260.
Interest of Tenants in Common. — The undivided interest of a tenant in a common may be levied upon and sold under an attachment. The co-tenants of the debtor are not proper parties to a suit for such purpose. Curry v. Hale, 15 W. Va. 867.
B. Personal Property. — An attachment was served upon trustees in a deed of trust for the payment of certain debfs, and among them the debts due to the plaintiff in the attachment. Held, that there could be no surplus in the hands of the trustees until the plaintiff’s debts were paid, and consequently there could be no surplus in their hands liable to his attachment. Clark v. ward, 12 Gratt. 440.
dioses in Action. — under Va. Code 1873, ch. 148, § 11, debts due to a nonresident debtor by open account may be attached in the hands of resident garnishees. Porter v. Young, 85 Va. 49, 6 S. E. Rep. 803.
Wife’s Interest as Legatee. — A wife’s interest as legatee in her father’s estate, in the hands of the executor, may be subjected by the creditor of her husband, by a proceeding by foreign attachment when the husband resides out of the state. Vance v. McLaughlin, 8 Gratt. 289.
Funds in Hands of State Treasurer or Public Of fleer.— Punds in the hands of the state treasurer, which he holds by law in pursuance of a trust, are not liable to attachment at the suit of an individual. Rollo v. Andes Ins. Co., 23 Gratt. 509, 14 Am. Rep. 147; Buck v. Guarantors’ Co., 97 Va. 719, 34 S. E. Rep. 950, 5 Va. Law Reg. 854; Foley v. Shriver, 81 Va. 568.
Steamboats. — A process issued against the owners of steamboats navigating the waters of the state can be levied on such boats. Commonwealth v. Fry, 4 W. Va. 721.
Chattels Pawned. — A chattel pawned or mortgaged is not attachable in an action against the pawner or mortgagor. Neill v. Rogers Bros. Produce Co., 41 W. Va. 37, 23 S. E. Rep. 702.
Bill of Sale. — Where a bill of sale is executed from one party to another, for a steamboat navigating the Ohio river, and delivery accompanies the act, thereby rendering the sale complete, there is no such right of ownership or title in the vendor as would authorize a creditor of the vendor to attach the boat under Va. Code 1860, ch. 151, § 5, for money due on an account of materials furnished in building and equipping said boat. Hobbs v. Interchange, 1 W. Va. 57.
Corporate Stock. — The shares of a stockholder in a railroad corporation are liable to attachment. Shenandoah Valley R. Co. v. Griffith, 76 Va. 913; C. & O. R. Co. v. Paine, 29 Gratt. 502.
. Municipal Corporations. — A municipal corporation may be garnished or attached for a debt due to one of its creditors just as a natural person may be. Such a proceeding is not contrary to the public policy of this state. Portsmouth Gas Co. v. Sanford, 97 Va. 124, 33 S. E. Rep. 516, 5 Va. Law Reg. 172.
Ownership or Possession. — The levy of the attachment, as shown by the officer’s return on the nonresident defendant’s property, is the foundation of the suit. If the property attached be not the defendant’s property, the courtis without jurisdiction. Culbertson v. Stevens, 82 Va. 406.
A house sold by parol contract to a purchaser, who has paid the purchase money and taken possession of the property cannot be taken by an attachment against the vendor as an absent debtor and subjected to the payment of his debt. Hicks v. Riddick, 28 Gratt. 418.
VII. AFFIDAVIT.
A. Necessity. — in a proceeding by foreign attachment in chancery where there has been no affidavit, as required by 1 Rev. Code 1819, ch. 123, § 1, that the defendants are absent from the country so that they .cannot be served with process, it is error to decree a sale of their property, although one of the defendants answer admitting his nonresidence. Brien v. Pittman, 12 Leigh 379.
B. Time of Making. — It is not necessary for the plaintiff in a foreign attachment to file with the clerk an affidavit of the nonresidence of his debtor before the process is issued, in order to constitute it, with the endorsement thereon in the nature of an attachment, a valid lien when served. Moore v. Holt, 10 Gratt. 284.
The affidavit required by the statutes (Va. Code 1849, ch. 151, § 2; Acts 1852, ch. 95, § 1) to authorize a creditor to sue out an attachment against the effects of an absent debtor may be made either before or after the bill is filed. O’Brien v. Stephens, 11 Gratt. 610.
The affidavit in an attachment suit against a nonresident, under Va. Code 1849, ch. 151, § 1, may be made at any time before the abatement of the suit by the return of the officer. Pulliam v. Aler, 15 Gratt. 54.
When the bill states a good case for a foreign attachment suit, the affidavit of nonresidence required by the statute may be made at any time, before third persons have acquired rights; and the endorsement on the subposna is not necessary to render the attachment valid. Cirode v. Buchanan, 22 Gratt. 205.
C. Who May Hake. — The affidavit may be made by “any credible person,” and the affidavit need not state that the affiant is a “credible person,” as that will be presumed until the contrary appears. Ruhl v. Rogers, 29 W. Va. 779, 2 S. E. Rep. 798; Delaplain v. Rogers, 29 W. Va. 783, 2 S. E. Rep. 800.
In Behalf of Firm, — One member of an attaching firm may make the affidavit in behalf of the firm. Kyle v. Connelly, 3 Leigh 719.
Agents and Attorneys. — Under 1 Rev. Code -1803, ch. 78, § S, the affidavit on which an attachment was issued, and the bond and security for its due prosecution, ought to be made and given by the creditor himself, and not by his attorney at law. Mantz v. Hendley, 2 Hen. & M. 308.
The affidavit may now be made by the plaintiff, his agent or attorney. See Va. Code 1887, §§ 2954, 2962, 2964, 2988.
In a foreign attachment in chancery, the affidavit required by the statute, Va. Code 1860, pages 645, 648, may be made by the agent of the plaintiff. Fisher v. March, 26 Gratt. 765.
Under Va. Code 1873, ch. 148, § 2 (see Code 1887, § 2959). which provides that “on affidavit, at the time of or after the institution of any suit * * * the clerk shall issue an attachment,” etc., the affidavitmay be made by any person who knows the facts. It is not necessary that it be made by the plaintiff or his authorized agent. Benn v. Hatcher, 81 Va. 25.
*635 D. Formal Requisites. — 11 is not a sufficient ground to quasd an attachment that the affidavit does not technically allege that the affiant is entitled to recover the amount of his claim “in the suit” at har as that sufficiently appears from the filing of the affidavit in the suit, and stating therein that the affiant is justly entitled to recover a certain sum hy virtue of a note, describing it, and that the same is due and unpaid, and that affiant has instituted a suit in chancery for the purpose, and is about to issue an attachment in such suit, it further appearing that the attachment was issued in said chancery suit, and the debt was one that could properly be recovered therein. Altmeyer v. Caulfield, 37 W. Va. 847, 17 S. E. Rep. 409.
E. Jurat or Certificate of Officer. — Although the statute requires that the complaint to sue out an attachment against a debtor shall be made on oath as the foundation of the process, it does not require that the fact of the complaint having been verified by oath shall be certified by the justices and made a part of the record. Kyle v. Connelly, 3 Leigh 719.
Where a paper purporting to be an affidavit contains no jurat and does not show on its face that the party seeking the attachment was sworn, it is not a sufficient paper on which to base an order of attachment. Cosner v. Smith, 36 W. Va. 788, 15 S. E. Rep. 977.
But where such an affidavit as the law requires has been made in an attachment proceeding the accidental omission of the jurat when the affidavit was signed by the officer who administered the oath, was held not to vitiate the attachment. Farmers’ Bank of Va. v. Gettinger, 4 W. Va. 305.
F. Averments.
1. Ownership. — in a suit in equity against an absent defendant where it appears from the bill that the court has jurisdiction of the case, it is not necessary for the affidavit to state that the defendant has property in the county where the suit is brought, but it is sufficient to state that he has property and effects in any county of the state. Anderson v. Johnson, 32 Gratt. 558.
2. Knowledge or Relief. — Under Va. Code 1873, ch. 148, § 1, (see, however. Va. Code 1887, § 2959) every averment in an affidavit to support an attachment had to be stated as a fact, and upon affiant’s own knowledge and not upon belief, or information and belief. Clowser v. Hall, 80 Va. 864.
Affidavits as to the ground of attachment are always to be strictly construed, and any omission of the requirements of the statute is fatal to the attachment, but if the language of the affidavit necessarily implies the fact, it is sufficient. Hence, : an affidavit “that the claim is just” and “that the defendant is converting, etc.,” is a sufficient compliance with the statute, Va. Code 1887, § 2959, which requires an affidavit “that the claim is believed to be just,” and “that to the best of affiant’s belief defendant is converting,” etc. Clinch River Mineral Co. v. Harrison, 91 Va. 122, 21 S. E. Rep. 660, 1 Va. Law Reg. 37.
Under the statute, W. Va. Code, ch. 106, § 1, requiring the affidavit to state the material facts relied on, where the attachment is sought on the ground that the defendant so conceals himself that a summons cannot be served on him an affidavit that “affiant and her friends have been informed by his friends that the defendant has left the state so that a summons cannot be served upon him personally,” is insufficient because it does not allege the facts positively. Hudkins v. Haskins, 22 W. Va. 615.
Necessity. — Under W. Va. Act of 1867, an affidavit that the affiant “thinks” the plaintiff ought to recover the sum named is not equivalent to an affidavit that he “believes” he ought to recover such sum, and is not sufficient to authorize an attachment. Rittenhouse v. Harman, 7 W. Va. 380.
3. Nature of Claim. — Under W. Va. Code, ch. 106, § 1, providing that the affidavit must state the nature of the claim, an averment “that his claim is founded upon a written contract for the delivery of certain timber by the plaintiff to the defendant,” without stating in what respect the defendant failed to comply with such contract, is insufficient. Cosner v. Smith, 36 W. Va. 788, 35 S. E. Rep. 977.
An affidavit in an attachment case stating that the claim “is for transcript of foreign j udgment” sufficiently sets forth the nature of the claim. Todd v. Gates, 20 W. Va. 464.
In an attachment suit upon the ground that the debtor has assigned his property with intent to hinder, delay or defraud his creditors, it is not sufficient for the affidavit to set forth that the debtor did certain acts which of themselves are not necessarily fraudulent, with an intent to defraud his creditors. This is a conclusion of law and should appear, not by averment, but from the facts. Landeman v. Wilson, 29 W. Va. 702, 2 S. E. Rep. 203.
4. Indebtedness.
a. Justice of Demand. — Under the W. Va. Statute of 1867, ch. 118, § 1, requiring that the affidavit for an attachment shall state that the plaintiff’s claim is just, it is sufficient if the affidavit state that “the plaintiffs are justly entitled to recover.” Gutman v. Va. Iron Co., 5 W. Va. 22.
W. Va. Code, ch. 106, § 1, prescribes that the affidavit for an attachment shall state the nature of the plaintiff’s claim, and the amount, at the least, which the affiant believes the plaintiff is justly entitled to recover. Held, the term “justly” is not superfluous or insignificant, but is a material qualification of the rest of the phrase, “entitled to recover,” and it, or its equivalent, must be used in order to constitute a substantial compliance with the statute. Reed v. McCloud, 38 W. Va. 701, 18 S. E. Rep. 924. See also, Crim v. Harmon, 38 W. Va. 596, 18 S. E. Rep. 753.
b. Amount of Debt. — The affidavit for an attachment is not sufficient if it does not show the amount the plaintiff is entitled to recover in the action, as well as the nature of the plaintiff’s claim. Cosner v. Smith, 36 W. Va. 788, 15 S. E. Rep. 977.
But it is not necessary in Virginia to state the character of the claim, whether due by bond, note, account, or otherwise. M’Cluny v. Jackson, 6 Gratt. 96.
Under West Virginia Statute. — Where the affidavit for an attachment in designating the amount which the affiant believed the plaintiffs were entitled to recover, omits the words “at the least” contained in the statute, W. Va. Code, ch. 106, § 1, and uses no words equivalent thereto, such defect is fatal and the attachment should be quashed. Neill v Rogers Bros. Produce Co., 41 W. Va. 37, 23 S. E. Rep. 702; Dulin v. McCaw, 39 W. Va. 721, 20 S. E. Rep. 681; Crim v. Harmon, 38 W. Va. 596, 18 S. E. Rep. 753; Altmeyer v. Caulfield, 37 W. Va. 847, 17 S. E. Rep. 409.
c. Haturity of Debt. — Under W. Va. Acts 1885, ch. 38, it is not necessary that the affidavit for an attachment shall in express terms state that the “debt is due,” but it is sufficient if it states “the amount at the least which the affiant believes the plaintiff is justly entitled to recover in the action.” Ruhl v. *636 Rogers, 29 W. Va. 779, 2 S. E. Rep. 798; Delaplain v. Rogers, 29 W. Va. 783, 2 S. E. Rep. 800.
5. Nonresidence. — in an attachment suit against an absent debtor under 1 Rev. Code 1819, to subject lands fraudulently conveyed by him in the hands of home defendants, the affidavit must distinctly aver the nonresidence; and if this be denied by the answer, it must be proved, or the chancery court is without jurisdiction. Kelso v. Blackburn, 3 Leigh 299.
6. Sufficiency.
a. Following Language of Statute. — In an attachment proceeding against a corporation on the ground that it has failed to comply with the requirements of section 37, ch. 54 of the Code of W. Va., in reference to the appointment of a person to accept service of process, the affidavit must show that the requirements of said section have not been complied with before an order of attachment can issue by reason of such noncompliance. U. S. Baking Co. v. Bachman, 38 W. Va. 84, 18 S. E. Rep. 382.
b. Stating Specific Facts. — The grounds for attachment are conclusions of law and an affidavit is not ■ sufficient which states that the debtor did certain acts, which of themselves are not necessarily fraudulent, with an intent to defraud his creditors. This, being a conclusion of law, should appear from the facts themselves, not by averment. Landeman v. Wilson, 29 W. Va. 702, 2 S. E. Rep. 203; Hale v. Donahue, 25 W. Va. 414; Delaplain v. Armstrong, 21 W. Va. 211.
Where the affidavit upon which an attachment is issued charges that the grantors made the assignment with intent to hinder, delay or defraud creditors, and in “material facts” sets out the provisions of the deed in which said intent is claimed to appear, showing that the deed is fraudulent upon its face, the affidavit is supported by such “material facts.” Landeman v. Wilson, 29 W. Va. 702, 2 S. E. Rep. 203.
But an affidavit alleging the “material facts” for an attachment to be “that the defendant is hiding and concealing a large part of the stock of liquors and wines which the plaintiff sold and delivered to him is not sufficiently definite to sustain the order of attachment. Sandheger v. Hosey, 26 W. Va. 221.
c. Stating Good and Bad Grounds. — where the affidavit for an attachment contains two grounds for the attachment, the one good and the other bad, it is sufficient. Ruhl v. Rogers, 29 W. Va. 779, 2 S. E. Rep. 798; Delaplain v. Rogers, 29 W. Va. 783, 2 S. E. Rep. 800.
G. Supplemental Affidavit. — A defective affidavit for an order of attachment cannot be supplemented by a subsequent affidavit or proofs. U. S. Baking Co. v. Bachman, 38 W. Va. 84, 18 S. E. Rep. 382.
Although the affidavit does not state the “nature of the plaintiff’s claim” as required by the statute, the attachment suit will not be quashed where a second affidavit has been filed before the rights of other parties have intervened. Chapman v. R. Co., 26 W. Va. 299.
ff. Effect of Defective Affidavit. — Defective or irregular affidavits, although a ground for reversing a judgment or decree in attachment proceedings for error iu departing from the directions of the statute, do not render such a judgment or decree or the subsequent proceedings void. Hall v. Hall, 12 W. Va. 1.
Objections in Appellate Court for First Time. — Objection to an attachment because not supported by an affidavit, or because the affidavit is defective, is ground for a motion to abate the attachment, but the objection must be made iu the court below, and cannot be made for the first time in the appellate court. If, however, the bill upon which the attachment issues contains all necessary averments, is sworn to and filed before the attachment issued, and the affidavit adopts the bill, this is all that is required. Sims v. Tyrer, 96 Va. 5, 26 S. E. Rep. 508, 4 Va. Law Reg. 530.
VIII. BOND.
A. Necessity. — Where the sheriff is not directed to take possession of the attached property, no bond is required under Va. Code 1887, § 2968. Kenefick v. Caulfield, 88 Va. 122, 13 S. E. Rep. 348.
An order of attachment should not be Issued requiring the officer to whom it is directed to take into his possession the property upon which it is levied until bond has been given as required by W. Va. Code, ch. 106, § 6. Cosner v. Smith, 36 W. Va. 788, 15 S. E. Rep. 977.
B. By Whom Given. — The attachment bond of one partner of a mercantile house suing out an attachment, conditioned that the partner shall pay all costs in case the house shall he cast in the suit, and all damages that shall be adjudged against him for suing out the attachment, is a good bond. Kyle v. Connelly, 3 Leigh 719.
But where an attachment is sued out iu the name of a firm and one of the partners gives bond conditioned that if “he” shall be cast in the suit, “he” shall pay all costs and damages which shall be recovered against “him,” the bond cannot be considered as that of the firm and is not good. Jones v. Anderson, 7 Leigh 308.
Under the act of 1792, the attachment bond had to be given by the creditor himself, and not by his attorney. Mantz v. Hendley, 2 Hen. & M. 308.
C. Amount. — Judgment on attachment will not be quashed because the bond given on suing it out recites only the sum due, without interest. Smith v. Pearce, Gilmer 34.
Where the claim of the plaintiff in an attachment against an absconding debtor is stated as for a certain sum due by negotiable note, with interest from the day when such note should have been paid, and the attachment bond describes it as sued out for the sum of money mentioned therein, saying nothing of interest, the variance is not material. Smith v. Pearce, 6 Munf. 585.
D. Amendment. — The failure of the clerk to endorse .on an attachment bond that it has been acknowledged and approved may be cured at any time with the permission of the court. Anderson v. Kanawha Coal Co., 12 W. Va. 526.
E. Action on.
. i. Necessary Averments. — In an action on an attachment bond, it is not sufficient to allege in the declaration, that the defendant “did not pay all such costs and damages as have accrued, etc.,” but it must be expressly averred that costs and damages have been actually sustained. Dickinson v. M’Craw, 4 Rand. 158.
2. Parties. — The provision in an attachment bond, under Va. Code 1871, ch. 136, § 6, to pay all damages “sustained by any persons by reason of their suing out said order of attachment,” does not enure to the benefit of the sheriff, who levied the attachment and took the attached property into his possession and custody. Mitchell v. Chancellor, 14 W. Va. 22.
The bond authorized by Va. Code 1849, ch. 151, § 8, in relation to attachments, is not a general indemnifying bond; but where the attachment'issues *637 afrainst the effects of the defendant generally, he alone can sue upon the bond ; and where the attachment is issued against specific property, only the defendant or owner of such property can sue upon the bond. When the attachment is issued against the effects of the defendant generally, and is levied upon the property of a third person, such third person has no remedy upon the attachment bond. Davis v. Commonwealth, 13 Gratt. 139.
3. Plea. — Either non damnijicutus or de injuria is a good plea to a suit on an attachment bond where the condition is that the plaintiff in the attachment “shall pay all costs and damages which may be awarded against him. or sustained by any person by reason of his suing out said attachment.” Hoadley v. Roush, 3 W. Va. 280.
4. Liability of Sureties. — In an action upon an attachment bond with condition to pay all costs and damages which may be awarded against the plaintiff in the attachment, or sustained by any person by reason of the plaintiff having sued it out, it is necessary for the plaintiff to prove that the attachment was sued out without sufficient canse. The sureties in the attachment bond, when the attachment has been sued out with good cause, are not responsible for the failure of the officer to discharge his duty, or for a trespass committed by him. Offterdinger v. Ford, 92 Va. 636, 24 S. E. Rep. 246, 2 Va. Law Leg. 377.
The court in which a forthcoming bond for property levied on is taken may, in a proper case, direct an ex.oneretur of the surety, and need not require him to seek his remedy by audita querela or by bill in equity. Steele v. Boyd, 6 Leigh 547, 29 Am. Dec. 218.
5. Damages. — Upon an attachment bond with condition to pay all costs and damages which may be awarded against the plaintiff in the attachment, or sustained by any person by reason of the plaintiff having sued it out, the defendant may maintain an action not only to recover damages awarded against the plaintiff in the attachment, but also other damages sustained by the defendant by reason of the attachment having been sued out without sufficient cause. The words “any person” include the defendant in the attachment. Offterdinger v. Ford, 92 Va. 636, 24 S. E. Rep. 246, 2 Va. Law Reg. 377.
The defendant in attachment may have his action •on the attachment bond, to recover damages sustained in consequence of suing out the attachment, without previously ascertaining his damages in some other action. Dickinson v. M'Craw, 4 Rand. 158.
Evidence. — Where a party is engaged in the performance of a contract on a railroad, using his teams and utensils in removing dirt at so much per cubic yard, and his teams and utensils are seized and sold under an attachment wrongfully sued out against him, whereby he is prevented from the performance of his contract, the profit of the contract, which he has thus been prevented from realizing, is a proper element of damage in an action upon the attachment bond, where such profit can be readily ascertained. State v. Andrews, 39 W. Va. 35, 19 S. E. Rep. 385, 45 Am. St. Rep. 884.
ÍX. WRIT OF WARRANT.
A. Requisites. — The endorsement on the subpoena by the clerk of the court of chancery that the snit is brought to attach the effects of the absent defendant is sufficient to restrain the application of them to any other use, until the plaintiff’s demand is satisfied. M’Kim v. Fulton, 6 Call 106.
The order of attachment provided for by the W. Va. Act of 1867, ch. 118, § 1, is not a writ and need not run in the name of the commonwealth. Gutman v. Va. Iron Co., 5 W. Va. 22. But it was held in Sims v. Bank of Charleston, 3 W. Va. 415, that an endorsement for attachment was insufficient which was not directed to the sheriff or any one else, didnot require the sheriff to attach the property of the defendant, and did not run in the name of the commonwealth.
B. To What Officer Directed. — Where the writ is not directed to the sheriff of the county where the attached property lies and does not require him to make the attachment, the attachment is invalid. Sims v. Bank of Charleston, 3 W. Va. 415.
An attachment against a nonresident defendant may be directed to the sheriff of another county where he has eflects. Pendleton v. Smith, 1 W. Va. 16.
C. Names of Parties — Recital of Cause of Action. — A writ is fatally defective which does not specify the sum demanded, or the names of the plaintiffs or defendants, or to whom the property levied on belongs. Clay v. Neilson, 5 Rand. 596.
D. Recital of Proceedings. — An order of attachment otherwise sufficient is good although it does not recite that an affidavit has been filed or refer to any affidavit on its face, where it appears by the record that a sufficient affidavit was filed by the plaintiff with the clerk when the order of attachment was issued. King v. Board, 7 W. Va. 701.
E. Variance. — The mistake of the clerk in issuing the order of attachment for a greater amount than that named in the affidavit is not such a clerical error as may be corrected on motion, and such attachment should be quashed on motion of the defendant. Ballard v. Great Western Mining & Mfg. Co., 39 W. Va. 394, 19 S. E. Rep. 510.
X. LEVY.
A. Upon Real Property.™Va. Code 1860, ch. 151, § 7. provides that every foreign attachment, except when it is sued out specially against specified property, shall be sufficiently levied in every case by serving a copy of such attachment on such persons as may be designated by the plaintiff in writing, or be known to the officer to be in possession of effects of, or to be indebted to, the defendant; and as to real estate, by such estate being mentioned and described by endorsement on such attachment or on the subpoena, field, that the endorsement on the subpoena is not necessary to render the attachment valid in such foreign attachment suit, where the bill particularly describes the real estate. Cirode v. Buchanan, 22 Gratt. 205.
B. Upon Personal Property. — Under Va. Code 1873, ch. 148. §§ 7, 8, the attachment may be levied on any visible and tangible effects of a nonresident debtor in his actual or constructive possession, in the common law mode, as in the case of an execution. If those effects, whether visible and tangible or not, are in a third person’s possession, they may be sufficiently levied on by delivering a copy of the attachment to such person. But they cannot be seized and taken possession of, unless the creditor has given a bond with security in a penalty at least double the amount sued for; the givingof which bond is optional with the creditor who acquires a lien by the levy without the seizure. Dorrier v. Masters, 83 Va. 459, 2 S. E. Rep. 927.
To constitute an effectual levy, it is not essential that the officer make an actual seizure. If he have the goodsin his view and power, and note on the writ the fact oi his levy thereon, this will in general suffice. Dorrier v. Masters, 83 Va. 459, 2 S. E. Rep. 927; affirming Bullitt v. Winstons, 1 Munf. 269.
*638 To make a valid levy of an attachment upon chattels, the officer, though he need not physically seize or even touch them, must have them in his view and power, and do some act indicative of an intent to levy and of the act of levying, and, if the chattels are of a nature to admit of it, must take them into his custody and control. Poling v. Flanagan, 41 W. Va. 191, 23 S. E. Rep. 685.
XI. LIEN.
A. When Lien Commences. — The lien of an attachment commences at the time of the levy. Williamson v. Bowie, 6 Mnnf. 176; Poling v. Flanagan, 41 W. Va. 191, 23 S. E. Rep. 685.
B. Extent of Lien. — The attachment operates as a lien only upon the debts and effects of the absent debtor, in the hands of the home defendants against whom, and upon whom, it is served. Farmers’ Bank v. Day, 6 Gratt. 360.
C. How Lien on Wife’s Interest as Legatee Defeated. —Though the service of the process upon the executor, in a proceeding by foreign attachment, creates a lien upon the wife’s interest as legatee in her father’s estate in favor of the creditor, yet if the husband dies pending the proceedings, leaving his wife surviving him, the lien of the creditor is defeated, and the property belongs to the wife. Vance v. McLaughlin’s Adm’r, 8 Gratt. 289.
D. Priorities.
x. Between Attachments. — Among attaching creditors proceeding by foreign attachment, the creditor whose subpoena is first sued out and served is entitled to priority of satisfaction. Farmers’ Bank v. Day, 6 Gratt. 360.
Two attachments against ■ an absconding debtor are levied on the same property. The first levied is quashed by the county court, but upon appeal this judgment is reversed. Pending the appeal an order is made in the second attachment case for a sale of the property, and it is sold and the proceeds are paid over to the creditor in the second attachment. Held, an action for money had and received will lie by the first attaching creditor against the creditor in the second attachment for the proceeds of the sale. Caperton v. M’Corkle, 5 Gratt. 177.
Since the question of priority between several attachments is determined not by priority of judgments but of attachments, the first attachment creditor may enjoin a creditor under a subsequent attachment but prior judgment. Moore v. Holt, 10 Gratt. 284.
Under 1 Rev. Code 1819, ch. 123, creditors of an absent defendant who have proceeded by foreign attachment in equity have priority over creditors seeking, by a subsequent attachment on the same property issued after the service of the subpoena in chancery on the home defendant, to enforce an appearance in an action at law. Erskine v. Staley, 12 Leigh 406. .
2. Between Attachments and Other Liens.
a. Verbal Lien on Land. — A recital that the attachment issued in the cause was returned served on personal property and real estate is not evidence of the issue and levy of such attachment that will constitute a lien on the real estate mentioned as against third persons seeking to enforce a prior verbal lien upon such real estate. Houston v. McCluney, 8 W. Va. 135.
b. Execution Lien. — A fieri facias placed in the hands of an officer for execution is a legal lien under Va. Code 1860, ch. 188, § 3, and continues in effect after the return day. Such lien has priority over an attachment subsequently levied, or execution lien under the same law, even though there has been a proceeding by suggestion under the junior, prior tO' that under the senior execution. Charron v. Boswell, 18 Gratt. 216; Puryear v. Taylor, 12 Gratt. 401.
c. Lien on Property Pledged. — An attachment levied upon pledged property is subject to the lien of the pledge. First Nat. Bank of Parkersburg v. Harkness, 42 W. Va. 156, 24 S. E. Rep. 548.
d. Lien on Partnership Effects, — Where partners have been declared bankrupts, one creditor of the partnership cannot attach the partnership effects so as to obtain a preference over the other partnership creditors. Lindsey v. Corkery, 29 Gratt. 650.
e. Pendency of Suit. — An attachment against the effects of the husband as an absconding debtor, levied before the institution of a suit by the wife for a divorce, entitles the attaching creditor to be satisfied out of the attached effects, in preference to the claim of the wife. Jennings v. Montague, 2 Gratt. 350.
3. Between Attachments and Alienations.
a. Deed of Trust. — A subpoena in chancery was sued out against an absent debtor and home defendants. The subpoena was returned executed on the home defendants, but the date of its service upon them was not stated. After the issue of the subpoena, but before the return day thereof, the debtor executed a deed to secure certain creditors, which was duly filed. Held, that the attachment was postponed to the deed. Richeson v. Richeson, 2 Gratt. 497.
b. Sale of Shares of Stock. — A creditor attaching the shares of a stockholder in a railroad company acquires a claim superior to that of a subsequent bona fide purchaser of such shares for value without notice of the attachment. Shenandoah Valley R. Co. v. Griffith, 76 Va. 913.
c. Sale of Negotiable Note. — S, the owner of the negotiable note of M, endorses the same and deposits it with a bank as collateral security for a loan obtained upon the discount by the bank of the note of B. S sells the note to O, and gives O an order on the bank to deliver the note to O. On the same day O presents the order at the bank, and is told the president of the bank is absent.from town. Some days thereafter O has an interview with the president at the bank, and is then informed that the debt of S is nearly paid, and that he would deliver to O the note but for the service of attachment upon the bank. The debt of S is afterwards paid in full. Before the sale by S to O, an attachment had been served upon M at the suit of a creditor of S; but of this O had no notice when he purchased the note. After the sale and notice to the bank by O, an attachment was served on the bank by another creditor of S. Held, that the sale by S to O is valid, and he is entitled to the nóte as against the attaching creditors of S. Howe v. Ould, 28 Gratt. 1.
d. Assignment of Legacy. — A creditor, at whose suit process of foreign attachment against an absent debtor is served on one of two executors, is entitled to priority of satisfaction, out of a legacy to the absent debtor, over an assignee of the legacy’ who claims under an assignment dated the day after the service of the attachment on the executor. Sandidge v. Graves, 1 Pat. & H. 101.
4. As Effected by the Recording Acts. — .Prior to the Va. statute, Acts 1893-94, page 545, requiring foreign mortgages to be recorded, the lien of a mortgage creditor upon a chattel, subject to a mortgage in another state duly recorded according to the law of that state, though not recorded in Virginia, had *639 priority over the lien of an attaching- creditor in this state. Craig v. Williams, 90 Va. 500, 18 S. E. Rep. 899, 44 Am. St. Rep. 984.
Since the Virginia statute of registry does not embrace choses in action, an assignment of such chose in action to a trustee to pay the debts of the assignor is valid against a subsequent attaching creditor of the assignor. Kirkland v. Brune, 31 Gratt. 126; Gregg v. Sloan, 76 Va. 497.
A purchaser of land without notice of an attachment which had been previously levied upon it, but which had not been recorded or docketed as required by Va. Code 1873, ch. 182, § 5, is entitled to hold the land free from the lien of the attachment. Cammack v. Soran, 30 Gratt. 292.
Under the Virginia Registration Laws (1866-67, page 538; Va. Code 1887, § 2465), an attachment has priority over a deed of trust, conveying goods and chattels, recorded in another state but not in Virginia. Smith v. Smith, 19 Gratt. 545.
XII. DISPOSITION OP ATTACHED PROPERTY.
A. Sale. — Upon a foreign attachment in chancery, to subject lands of an absent debtor to a debt claimed by the attaching creditor, payable in instal-ments, some of which have, and others have not, fallen due at the time of the decree, held, that the court ought not to direct the sale of the subject to satisfy more than the instalments already due. but should order a sale to satisfy what is due, and hold the creditor’s attachment a lien on the subject, for the instalments afterwards to fall due. Watts v. Kinney, 3 Leigh 272.
A sale in a foreign attachment suit under W. Va. Code, ch. 151, without the bond required by section 24 of said chapter conditioned that the plaintiff will “perform such future order as may be made upon the appearance of said defendant, and his making defense,” will beset aside. Hall v. Lowther, 22 W. Va. 570.
Where there is a valid attachment and levy of the same, a decree of a court of competent jurisdiction, an order or decree of sale, and a sale by a commissioner appointed by the court, and confirmation thereof with direction to make a deed to the purchaser, a deed made by the commissioner, by direction of the purchaser, to his assignee is admissible in another suit in connection with the record, etc., to show title in the assignee. Hall v. Hall. 12 W. Va. 1.
B. Delivery on Forthcoming or Delivery Bond.— Special bail to replevy the attached effects and a plea to the action ought to be received, in behalf of the defendant upon an attachment issued against him as an absconding debtor; notwithstanding he did not appear in person or by attorney; such bail and plea being offered at the term to which the attachment is returned executed, and before the judgment upon it is pronounced. Smith v. Rearce, 6 Munf. 585.
It is error to quash a forthcoming bond on motion, simply because the name of the obligee therein has been misspelled, or so written as to make it doubtful as to the person intended. Ambach v. Armstrong, 29 W. Va. 744, 3 S. E. Rep. 44.
XIH. PROCEEDINGS TO SUPPORT OR ENFORCE ATTACHMENT.
A. In General. — In an attachment suit in equity, it is not necessary or proper to direct an inquiry whether the rents and profits of the real estate will pay the debt within a reasonable time. Curry v. Hale, 15 W. Va. 867.
B. Process and Service.
1. Necessity. — in an attachment in equity against property alleged to belong to nonresident debtors, complainants, who asked for no order of publication against such nonresident debtors, who failed to serve them personally with process, and who consented to the hearing of a motion by the claimant of the property to abate the attachment, cannot object to a decree abating the attachment, on the groundthatno process, personal or by publication, had been executed against the defendants. Kern v. Wyatt, 89 Va. 885, 17 S. E. Rep. 549.
Objections to the regularity of attachment proceedings may be taken advantage of, not only in the trial court, but in an appellate court, although not raised in the trial court; and the court may, of its own motion, dismiss an irregular attachment, and ought to do so when there has been no appearance by the nonresident debtor, and no personal service upon him. McAllister v. Guggenheimer, 91 Va. 317, 21 S. E. Rep. 475.
2. Sufficiency. — Va. Code 1873, ch. 148. § 27, providing on what conditions the defendant, after a decree, may petition for a rehearing, but exempting from its operation one who has been served with a copy of the attachment or with process in the suit, issued more than sixty days before the date of the decree, only refers to such a service in the proceedings in the suit, and not to a service out of the suit and out of the state. Anderson v. Johnson, 32 Gratt. 558.
Under Va. Code 1873, ch. 148, § 27, defendants in foreign attachment may appear pending the suit, tender security for costs and have it reheard. The exception of a defendant served with a copy of the attachment, or with process in the suit, does not refer to a service thereof outside the proceedings in the suit or outside the state. And such service can have no greater effect than an order of publication duly posted and published. Smith v. Chilton, 77 Va. 535; approving Anderson v. Johnson, 32 Gratt. 558.
C. Order of Publication. — Where a defendant in an attachment suit has been served with process, although he has not been served with a copy of the order of attachment, he need not be proceeded against by order of publication, and has no time given him by W. Va. Code, ch. 106, in which to appear in the suit after the term at which judgment is rendered against him on the claim and an order made to sell the attached effects or estate; nor is any bond required to be given as provided for in section 23 of said chapter. Capehart v. Dowery, 10 W. Va. 130.
Where an attachment proceeding is instituted against a firm consisting of two members and service of the writ is had upon only one partner, order of publication, as prescribed by the statute, should be had against the other partner; but if both partners appear by attorney, and submit motions or file a plea, this is an appearance to the suit, and the court may proceed as if both parties had been served. Andrews v. Mundy, 36 W. Va. 22, 14 S. E. Rep. 414.
A joint judgment was rendered against several of the defendants in a suit in which an attachment had issued against all the defendants as nonresidents. One of them, who had plead, took an appeal, and the court of appeals affirmed the judgment. Another of the defendants against whom the joint judgment was rendered, a nonresident, who had not plead, after due notice, moved the circuit court which had rendered the judgment to reverse and annul the same, because there had been a personal *640 judgment against Rim, though he had never heen served with process. Meld, that'the circuit court properly overruled his motion, It being conclusively presumed that he was notified of the appeal and that all questions raised Dy his motion had been considered and decided adversely by the court of appeals when it affirmed the joint judgment, summons of the nonappealing defendants being necessary to vest the court of appeals with jurisdiction. Newman v. Mollohan, 10 W. Va. 488.
Necessity oi Posting Notice. — where, before an attachment is returned "executed,” an order of publication is made, but the order is not posted by the clerk at the front door of the courthouse on the first day of the court next after it is entered, the attachment should be abated. Va. Code 1887, §§ 2979, 3231; Petty v. Frick, 86 Va. 501, 10 S. E. Rep. 886.
D. Appearance. — The defendant in an attachment may enter bail and plea without appearing in person. Smith v. Pearce, Gilmer 34.
Special bail to replevy the attached effects and a plea to the action ought to be received in behalf of the defendant upon an attachment issued against him as an absconding debtor, notwithstanding he did not appear in person or by attorney, where such bail and plea is offered at the term to which the attachment is returned executed and before the judgment upon it is rendered. Smith v. Pearce, 6 Munf. 585.
In an attachment proceeding instituted against a firm consisting of two partners, only one of whom is a resident, if both partners appear by attorney, and submit motions or file a plea, this is an appearance to the suit, and the court may proceed as if both parties had been served. Andrews v. Mundy, 36 W. Va. 22, 14 S. E. Rep. 414.
E. Sufficiency of Pleading. — A demurrer will not lie to a bill in equity for the failure of the plaintiff in an attachment suit to aver that an attachment has issued. O’Brien v. Stephens, 11 Gratt. 610.
Answer or Plea. — Complainants sued out an attachment under Va. Code 1873, ch. 148, § 11, and filed their bill averring a breach of warranty in a sale of phosphate to them. Defendants demurred to the bill, moved to abate the attachment, and filed their answer denying every material allegation of the bill. No testimony was taken. Held, that though the demurrer should be properly overruled and the motion to abate might not be properly sustainable, yet the bill being denied as to all its material aver-ments, should be dismissed with costs to the defendant. Boyce v. M’Caw, 76 Va. 740.
In a proceeding by foreign attachment to collect the price of personal property, it is competent for the defendant to plead and rely on a breach of warranty in reduction or abatement of the price, and when such defence is plead and relied on in the answer, it is unnecessary to file a cross-bill for that purpose. Baker v. Oil Tract Co., 7 W. Va. 454.
F. Judgment.
i.In General. — In an attachment suit under the act of April 3d, 1852, giving a remedy in equity to a creditor against his absent debtor where the debtor has estate or debts due to him in the county or corporation where the suit is brought, when the court has properly taken jurisdiction, it must proceed to give relief according to the principles of equity. O’Brien v. Stephens, 11 Gratt. 610.
Stock of a corporation, attached as in the hands of a garnishee, should be sold under an order of court made for that purpose; but it is error for the court to render a judgment against the garnished corporation for the value of the stock, unless it appears that the lien of the attaching creditor on the stock was lost by the act of the corporation. C. & O. R. Co. v. Paine, 29 Gratt. 502.
Upon a foreign attachment in chancery to subject lands of the absent debtor to a debt claimed by the attaching creditor, payable in instalments, some of which have, and others have not fallen due, at the time of the decree, held, that the court ought not to direct a sale of the subject to satisfy more than the instalments already due; but should order a sale to satisfy what is due, and hold the creditor’s attachment a lien on the subject, for the instalments afterwards to fall due. Watts v. Kinney, 3 Leigh 272.
In an attachment against an absconding debtor, judgment should first be entered against the debtor, and then the garnishee should be ordered to pay it. George v. Blue, 3 Call 455.
2. In Personam or in Rem. — In an attachment proceeding under the act of April 3d, 1852, if an absent defendant does not appear in the cause there cannot be a personal decree against him; but the attached effects alone can be subjected. But if he does appear, there may be a personal decree only against him, or there may be both a personal decree and a decree subjecting the attached effects. O’Brien v. Stephens, 11 Gratt. 610.
The attaching creditor, having established his debt, is entitled to a personal decree against the absent debtor, though the whole property attached is exhausted in paying the debt of the home defendant. Williamson v. Gayle, 7 Gratt. 152. See also, Schofield v. Cox, 8 Gratt. 533.
Where an attachment has been sued out against a nonresident corporation which has the equitable title to real estate attached in the cause, a personal decree may be rendered against such nonresident corporation, which appears in the cause; but the attached property will not be sold in the absence of the trustees who hold the legal title; they must either be served with process, or, if nonresidents, an order of publications must issue against them and be duly published. Chapman v. P. & S. R. Co., 18 W. Va. 184.
3. Validity. — A decree for the plaintiff in a proceeding by foreign attachment in chancery was erroneous, where it was without affidavit of the defendant’s nonresidence; was for a sale of lands, without requiring bond with surety from the plaintiff with condition for performing future orders or decrees; and was for a sale of land for cash, with directions for payment of money to the creditor and conveyance of land to the purchaser, before the sale was reported and confirmed. Brien v. Pittman, 12 Leigh 380.
Presumption. — In a suit by attachment the record may show upon its face that the debtor did or did not appear; and if it does, the judgment will have effect accordingly. If the record does not show whether he did or did not appear, the presumption is in favor of the validity of the judgment. Fisher v. March, 26 Gratt. 765.
G.Right to Rehear. — Under Va. Code 1873, ch. 148, § 27, Code 1887, § 2986, defendants in foreign attachment may appear pending the suit, tender security for costs and have it reheard. The exception of a defendant served with a copy of the attachment, or with process in the suit, does not refer to a service thereof outside the proceedings in the suit or outside the state. And such service can have no greater effect than an order of publication duly posted and *641 published. This rule applies to acknowledgments of such services made outside the state. Smith v. Chilton, 77 Va. 535; Anderson v. Johnson, 32 Gratt. 558. As to reopening case by nonresident defendant, see Smith v. Life Ass’n of America, 76 Va. 880.
XIV. RETURN.
A. Time for Making. — Prior to the Virginia statute, Acts 1893-94, p. 495, allowing attachments to be made returnable to a rule day, all attachments, whether by regular writ or by endorsement on the summons, had to be made returnable to a term of the court in which the suit was pending, and not to a rule day of such court. Va. Code 1887, § 2965; Craig v. Williams, 90 Va. 500, 18 S. E. Rep. 899, 44 Am. St. Rep. 934; Clinch River Mineral Co. v. Harrison, 91 Va. 122, 21 S. E. Rep. 660, 1 Va. Law Reg. 37; Grinberg v. Singerman, 90 Va. 645, 19 S. E. Rep. 161; McAllister v. Guggenheimer, 91 Va. 317, 21 S. E. Rep. 475.
B. Requisites. — The return must show that the attachment was levied on the property of the defendant in order to make it valid. Offtendinger v. Ford, 86 Va. 917, 12 S. E. Rep. 1.
The return must show that the attachment was levied upon the property as the property of the defendant in order to make a valid levy on real estate under Va. Code 1873, ch. 148, §§ 7 and 9. And in attachment proceedings in equity against a nonresident, under section 11, the officer’s return that he “served the summons on-by delivering a copy to him.” and that “he resided on the premises within described,” does not show a valid levy. Robertson v. Hoge, 83 Va. 124, 1 S. E. Rep. 667.
A sheriff has no power to execute an attachment outside of his bailiwick. Hence, if the return is regular on its face, it will be presumed, in the absence of evidence to the contrary, that the attachment was legally executed, and the return need not show that it was executed in his bailiwick. Guarantee Co. v. Nat. Bank, 95 Va. 480, 28 S. E. Rep. 909, 3 Va. Law Keg. 873.
C. Description of Land. — The levy of an attachment in equity on real estate must contain such general description of the real estate, and describe it with such substantial accuracy, that it may be easily identified when conveyed, by looking alone to the levy, without the aid of extrinsic evidence. Raub v. Otterback, 92 Va. 517, 23 S. E. Rep. 883, 1 Va. Law. Reg. 841.
XV. CLA1HS BY THIRD PERSONS.
A. Right to Question Validity of Attachment. — Any person’ interested in the property attached, who was not originally a party to the suit, may intervene to have his rights adjudicated by the court in which the attachment suit is pending. Capehart v. Dowery, 10 W. Va. 130.
To entitle a person, who claims to have a mortgage lien on land attached by a creditor in a suit iu equity iu which an attachment is sued out against a nonresident debtor under W. Va. Code, ch. 106, § 24, to dispute the validity of the attachment, such person must appear in the court in which the proceeding is had and file his petition and give security for costs. Tappan v. Pease, 7 W. Va. 682.
A mere creditor at large of the absconding debtor is not a person interested in disputing the attaching plaintiff’s claim within the meaning of W. Va. Code, ch. 106, § 23. Crim v. Harmon, 38 W. Va. 596, 18 S. E. Rep. 753.
B. Right of Subsequent Attaching Creditors. — A subsequent attaching creditor may appear to the first attachment and, either in his own name or in the name of the absconding debtor, contest the right of the first attaching creditor to recover. M’Cluny v. Jackson, 6 Gratt 96.
A subsequent attaching creditor, whose attachment was issued in another county but levied in the county where the effects or property of the debtor are, may appear by petition and move to quash the preceding attachment for good grounds. Pendleton v. Smith, 1 W. Va. 16.
Parties who claim to be subsequent attaching creditors cannot come into court and dispute the validity of a prior attachment on mere motion. They must file their petition in accordance with Va. Code 1860, ch. 151, § 25. The same provision is found in W. Va. Code 1869, ch. 106, § 24. Ludington v. Hull, 4 W. Va. 130.
C. Proceedings to Determine Claims to Property.— The complainant in an attachment against property of a nonresident debtor, who had not been served with process personally or by publication, consented to the hearing of a motion by a claimant of the property to abate the attachment. Held, that a decree abating the attachment and declaring the estate not to belong to said debtors was not premature or erroneous. Kern v. Wyatt, 89 Va. 885, 17 S. E. Rep. 549.
Retention of Cause. — Where, in such case as the above, the court abated the attachment because the property was not owned by the nonresident firm, the decree ends the cause and it will not be retained to inquire whether one of said firm had an attachable interest in the property. Kern v. Wyatt, 89 Va. 885, 17 S. E. Kep. 549.
Where Claims Sustained. — The attaching creditor, proving his debt, is entitled to a personal decree against his absent debtor, though the property may be adjudged to the assignee. Schofield v. Cox, 8 Gratt. 533.
Appearance. — Where an affidavit is filed, along with the answer of a corporation whose stock has been attached, alleging that some third person claims the said stock, and that the corporation claims no interest therein, nor colludes with such claimant, but is ready to dispose of the stock as the court shall direct, the court should require such third person to appear and state the nature of his claim, and maintain or relinquish the same. C. & O. R. Co. v. Paine, 29 Gratt. 502.
Petitions. — A plaintiff in attachment, who has a deed of trust ou the property attached, cannot unite with the trustees in the deed and come into the attachment suit by petition and ask to have the attached property delivered to the trustees. Section 2984 of the Code of 1887 was intended for the protection of the rights of third parties, and not of the plaintiff in the attachment. In this case the plaintiff, though united with the trustees, was the real petitioner, and, the attachment having been quashed because issued without sufficient cause and upon false suggestion. the property was rightly restored to the defendant. Littell v. Lansburg, 96 Va. 540, 32 S. E. Rep. 63, 4 Va. Law Reg. 843.
Proper Issue. — Where the petitioner claims the attached property under Va. Code 1873, ch. 148, § 25, the proper issue to be tried is, “whether or not petitioner has any title to, lien on or interest in the attached property or its proceeds.” See Va. Code 1887, § 2984; Starke v. Scott, 78 Va. 180.
Right to a Jury. — Prior to Va. Code 1887, § 2984, where persons claiming the property attached, or some interest therein, were admitted as parties in the *642 cause, it was error for tie court to pass upon the claim without tie intervention of a jury. Anderson v. Johnson, 32 Gratt. 558.
XVI. DISSOLUTION.
A. What Will Effect Dissolution.
1. Bankruptcy. — Under the federal bankruptcy act of 1867, the bankruptcy of the defendant in an attachment proceeding, and the assignment of his effects to a commissioner in bankruptcy dissolved any attachment not issued four months'prior to the commencement of the proceedings in bankruptcy. Weisenfeld v. Mispelhorn, 5 W. Va. 46.
2. Death of Defendant No Dissolution. — The death of a debtor whose real property has been attached in a suit of equity, and proceeding therein by attachment against him and his estate as a^nonresident, does not dissolve the attachment or lien thereon, where the death occurs after the attachment is levied. White v. Heavner, 7 W. Va. 324.
3. Failure.to Require Security. — Where the plaintiff in an attachment suit waives the statutory right to require security from the defendant upon his appearance, the attached property is held to be thereby discharged. Tiernans v. Schley, 2 Leigh 25.
4. Lien of Prior Attaching Creditor. — See ante, “Lien of Attachment.”
B. Procedure for.
i. Motion to Quash.
a. In General— Right to Quash.— An attachment irregularly issued ought to be quashed ex oMcio by the court to which it is returned, though bail be not given, nor any plea filed by the defendant. Mantz v. Hendley, 2 Hen. & M. 308.
Upon a motion under Va. Code 1860, ch. 151, § 22, to abate an attachment on the ground that it has been issued on false suggestions or without sufficient cause, the question is whether, upon all the evidence, there was probable cause to believe the defendant was doing the act which would authorize the attachment; and not whether the facts as they appeared to the affiant, though only a small part perhaps of the facts of the case, afforded him reasonable grounds for such a belief. Clafiin v. Steenbock, 18 Gratt. 842.
b. Who Hay Make Motion to Quash. — Any party interested may move the court to quash an affidavit and attachment. Capehart v. Dowery, 10 W. Va. 130.
c. Waiver of Right to Hove to Quash. — The right to move to quash an attachment on the ground of an insufficient affidavit is not, under W. Va. Code, ch. 106, § 19, waived by appearance and filing an answer. Dulin v. McCaw, 39 W. Va. 721, 20 S. E. Rep. 681.
d. Effect of Decision Denying Motion. — The power given to circuit judges to quash or dismiss attachments in vacation is not final, and does not supersede the defendant’s right to make defense at the trial in term under the Virginia statutes. Dunlap v. Dillard, 77 Va. 847.
e. Province of Court and Jury. — where the plaintiff, on a motion to abate an attachment, declines to express any wish for a jury, and the defendant expresses a wish that a jury may be dispensed with, the court should hear and decide the cause without a jury. Clafiin v. Steenbock, 18 Gratt. 842.
f. Evidence — Burden of Proof. — Upon a motion to abate an attachment the burden of proof is on the plaintiff to show that the attachment was issued on sufficient cause, and he may, therefore, be required to introduce his evidence first. Wright v. Rambo, 21 Gratt. 158.
The burden of proving that an attachment was issued’on sufficient cause rests on the plaintiff, and he should introduce his evidence first, when the defendant moves an abatement. Sublett v. Wood, 76 Va. 318.
Fraud. — Where an attachment is sued out on the ground that the plaintiff has executed a deed with intent to defraud creditors, the burden of proving such fraud rests on the attaching creditors. Burruss v. Trant, 88 Va. 980, 14 S. E. Rep. 845.
Residence. — Residence once established is presumed to continue until proved to have been changed; and the burden of proving the change is on him that asserts it. Starke v. Scott, 78 Va. 180.
2. Plea in Abatement.
a. In General. — A plea that the sum for which an attachment issued was not due at the date of the affidavit on which it was based should not be received as a plea in abatement of the attachment. Anderson v. Kanawha Coal Co., 12 W. Va. 526.
Where the bill shows on its face proper matter for the jurisdiction of the court, no exceptions for want of such jurisdiction can be taken except by plea in abatement. Middleton v. White, 5 W. Va. 572.
The fact that an attachment bond is signed by the plaintiff’s attorney, without authority, cannot be taken advantage of by a motion to quash. The proper remedy, if any, is by a plea in abatement. Tingle v. Brison, 14 W. Va. 295.
b. How Plea Should Conclude. — A plea in abatement to an attachment ought not to conclude with praying j udgment if the plaintiff ought to have, and maintain his action, but only that the attachment be quashed. Mantz v. Hendley, 2 Hen. & M. 308.
3. Voluntary Dismissal of Attachment. — Where the plaintiff has sued out an attachment both at law and in equity, he may dismiss his attachment at law and proceed on his attachment in equity. ’ Magill v. Manson, 20 Gratt. 527.
4. Effect of Dismissal. — Attachment in equity cannot be maintained on undue debts on the ground that the debtors are nonresidents unless they have disposed of their effects fraudulently, or are about to do so; and upon abatement the court cannot retain the suit and grant relief, but must dismiss the bilL Va. Code 1887, § 2964; Wingo v. Purdy, 87 Va. 472, 12 S. E. Rep. 970.
XVII. ACTIONS FOR WRONGFUL ATTACHMENT.
A. Grounds of Action. — Both malice and probable cause are necessary to sustain an action for wrongfully suing out a foreign attachment. Marshall v. Bussard, Gilmer 9.
In an action for damages for suing out a writ of attachment, it is necessary to allege in the declaration that it was sued out maliciously and without probable cause. Burkhart v. Jennings, 2 W. Va. 242.
Probable Cause. — Probable cause for suing out an attachment is a belief by the attaching creditor in the existence of the facts essential to the prosecution of his attachment, founded upon facts which might induce such a belief on the part of a man of ordinary caution, prudence and judgment. Burkhart v. Jennings, 2 W. Va. 242; Spengler v. Davy, 15 Gratt. 381. See also, Claflin v. Steenbock, 18 Gratt. 842.
B. Form of Action. — Trespass on the case is the proper action against a person who maliciously and without probable cause sues out an attachment and causes it to be levied on the property of another. Shaver v. White, 6 Munf. 110; Olinger v. McChesney, 7 Leigh 670.
C. Persons Liable. — A firm assigned its goods and two stores on premises of which they held leases to P in trust to pay certain debts, with authority to *643 take possession, sell the goods, and collect the debts. W attached said goods. On the same day, two hours later, a bank sued out an attachment against the goods and leased premises. The same officer made both levies. P interpleaded and there was a judgment in his favor; and afterwards the suit of W was dismissed. P then sued the bank for the damages he had sustained by the levy of their attachment. Held, that P had a right to recover from the bank all the damages he had sustained by the levy of the bank upon the two storehouses held under lease and the withholding the possession from him. Fechheimer v. Nat. Exch. Bank, 31 Gratt. 651.
Several Liability. — Where attaching creditors wrongfully levy successive attachments on the same property, they are severally liable for the damages. Fechheimer v. Nat. Exch. Bank, 31 Gratt. 651.
D. Evidence. — where several attachments have been wrongfully levied upon the same property, it is not admissible to introduce parol evidence, in an action for damages therefor, to show that the property was exclusively held under the first attachment levied. Fechheimer v. Nat. Exch. Bank, 31 Gratt. 651.